**SAXON v. HENDERSON et al.**

No. 18649. Opinion Filed Jan. 22, 1929.

Rehearing Denied April 30, 1929.

A. M. Baldwin and W. B. Crossan, for plaintiff in error.

Pryor & Stokes and Hugh M. Sandlin, for defendants in error.

JEFFREY, C. This action was begun by J. W. Saxon, as plaintiff, against L. P. Henderson, M. M. Henderson, and the Home State Bank, a banking association, as defendants, in the district court of Pottawatomie county, for the purpose of canceling certain deeds of conveyance, for possession of certain real estate, and for damages. The trial judge sustained a demurrer to plaintiff's evidence, and he prosecutes this appeal.

The only alleged error attempted to be argued by counsel for plaintiff in error is the sustaining of the demurrer to the evidence. In fact, no argument is presented, except to say that the evidence sustains every allegation in the petition by the application of certain rules announced in the cases cited. However, we have examined the evidence with reference to its sufficiency to withstand the demurrer, and will treat the same as having been argued.

Plaintiff's right to any relief under his petition depended upon his ability to establish some estate in or title to the real estate in question. Plaintiff's evidence showed that he acquired lot 12, and the south 5 feet of lot 11, in block 52, in the city of Tecumseh, from Maggie L. Beeson, by warranty deed, dated September 22, 1899. On May 23, 1912, plaintiff, being guardian of Mabel Beeson and Rosa Beeson, minors, conveyed by warranty deed to said minors said real estate for the sum of $1,000. This conveyance was not procured through probate court, and the use of their money for such was in no sense authorized. On November 15, 1920, Rosa G. Von Vihl, formerly Rosa Beeson, then being of age, conveyed her interest in said real estate by quitclaim deed to defendant L. P. Henderson. On December 23, 1920, Mabel Raymond, formerly Mabel Beeson, then being of age, conveyed her interest in said real estate by quitclaim deed to the defendant L. P. Henderson. On December 1, 1920, plaintiff, having resigned as guardian of said minors several years prior thereto, obtained a quitclaim deed from C. A. Knight to lot 12 of said real estate. This deed was signed and acknowledged by "C. A. Knight, Guardian," and was executed several years after the Beeson girls had become of age, after Knight had been discharged as guardian, and without a semblance of authority from the probate court of that county. It passed no right or title to the property whatever. The evidence also shows that after plaintiff conveyed to his wards, he collected rents from the tenants and credited the same to the accounts of his wards.

Under this state of facts, could it be said that plaintiff was the owner of any title or interest in the property in March, 1924, at the time this suit was filed? This evidence affirmatively shows that plaintiff conveyed by warranty deed all interest that he had in the property to the Beeson girls in 1912; and that the Beeson girls conveyed all interest they had therein to the defendant L. P. Henderson. No doubt, the conveyance from plaintiff to his wards could have been repudiated by them, or by some one having authority to act for them, plaintiff having no authority without a proper proceeding in the probate court to bind said minors at that time. But the Beeson girls are not here asking that said conveyance be set aside, neither is any one else, except plaintiff himself. There can be no question but that the Beeson girls could have, upon attaining their respective majorities, elected to retain the real estate. This election might have been exercised by acts such as would constitute a ratification or adoption of the transaction

after they attained their majorities. Carlisle v. National Oil & Development Co., 108 Okla. 18, 234 Pac. 629; Capps v. Hensley, 23 Okla. 311, 100 Pac. 515; Lasoya Oil Co. v. Zulkey, 40 Okla. 690, 140 Pac. 160; Scott v. Signal Oil Co., 35 Okla. 172, 128 Pac. 694. The evidence shows that they did this very thing when they conveyed their interest in the real estate to the defendant L. P. Henderson.

There is no conflict in the evidence touching any vital fact necessary to be established. Hence, the authorities cited by counsel for plaintiff, to the effect that in passing upon a demurrer to the evidence the trial court must treat as withdrawn the evidence which is most favorable to the party leveling the demurrer, have no application. Plaintiff's evidence, with all reasonable inferences to be drawn therefrom, is insufficient to support a judgment on any of his purported causes of action, and defendants' demurrer thereto was rightly sustained.

Plaintiff offered in evidence a journal entry of judgment, which had been rendered in the superior court in 1919, in an action brought by the Beeson girls against the National Surety Company, as surety upon plaintiff's guardian bond, while he served as guardian for them. The journal entry of judgment shows a recovery in favor of Rosa Beeson in the sum of $700, by reason of the fraudulent handling by plaintiff of her estate. A recovery was denied Mabel Beeson. Plaintiff argues that this judgment was for the purchase price of said real estate. The record does not show it to be such. There is nothing in the record to indicate that the Beeson girls sought to recover the purchase price of said real estate, or refused to accept the real estate, but, on the contrary, the evidence affirmatively shows that they did accept it, and in turn sold it to the defendant Henderson.

Plaintiff contended in the trial court that, in December, 1920, he resumed possession of the real estate in question, and that his evidence on this point should have withstood the demurrer. The evidence showed that sometime in December, 1920, plaintiff placed two or three small ladders, and possibly some paint buckets, in one of the rooms in a building located on the lots, and rented another room to another party, who never moved into it. Assuming, without deciding, that these acts constituted possession of the real estate, such would not, under the circumstances, lend any strength to plaintiff's case. The rule is that actual possession by a party

claiming an interest in the property gives notice to the world of such interest as the possessor actually has therein. Wilkinson et al. v. Stone et al., 82 Okla. 296, 200 Pac. 196; Pomeroy's Equity Jurisprudence (2d Ed.) vol. 2, sec. 615. Possession alone does not constitute an estate or title in the property possessed, but serves only as notice to subsequent purchasers and incumbrancers of whatever estate or interest in the land is held by the occupant.

Plaintiff offered some evidence to the effect that, after he had attempted to take possession of the property, defendant caused the building located thereon to be torn down to his damage in the sum of $350. But having heretofore pointed out that plaintiff's evidence failed to establish in him any title or interest in the property, but, on the contrary, showed that he did not have any, it follows that his alleged cause of action for damages also failed.

We think the trial court rightly sustained defendants' demurrer to plaintiff's evidence, and the judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.