The facts in this case are not in dispute and may be briefly stated.
In a cause pending in the county court of Noble county, in the matter of the estate of Orson E. Rice, deceased, said county court, on the 2nd day of June, 1917, set apart as the homestead of the surviving widow of Orson E. Rice, and to their minor son, aged three, lots 14 and 15, block 26, in North and West Perry, Noble county, Okla., for the use of those two as the heirs and family of said deceased, Orson E. Rice.
Chas. S. Musselman, one of the plaintiffs in error, married the widow of Rice on April 20, 1921, and lived with her on said homestead. Three children were born of said marriage, namely: Lucy Geraldine, Robert Eugene, and Leah Mae Musselman.
Lela M. Musselman died April 25, 1929, and theretofore she, her said husband, and their three children had lived together in the occupancy and possession of said homestead until her death.
On May 17, 1929, M.C. Monroe was appointed administrator of the estate of Lela M. Musselman by order of the county court of Noble county in cause No. 2563. Thereafter, in said numbered cause, an application was made by Chas. S. Musselman, in his behalf and in the behalf of said three minor children, to set aside the above-mentioned and described homestead to himself and said minors; said application was heard and said homestead was set aside as the homestead of said Musselman and minors and not subject to administration; that by order of the said court said Chas. S. Musselman and said three minor children were to hold said homestead for the benefit of said Chas. S. Musselman during his life, and upon his death said three children until the youngest should become of age.
Thereafter, on September 28, 1929, on application of the guardian of Donald E. Rice, *Page 561 
in said county court, in said cause No. 3563, the order setting apart said homestead to Chas. S. Musselman and his three minor children was set aside and held for naught, and it was further decreed that Donald E. Rice was vested with the beneficial interest in said homestead to hold the same until he should reach the age of majority; exceptions were taken and the case appealed to the district court of Noble county, Okla., where the judgment and decree of the county court was affirmed on May 28, 1930.
Thereafter, an appeal from the district court of Noble county was regularly taken and case-made filed in the Supreme Court.
Therefore, the only question is as to whether, on the death of Lela M. Musselman, a new homestead was created for the benefit of the widower, Musselman, and his three minor children.
In disposing of this question, it must be borne in mind that the homestead in question was set apart as a homestead for the benefit of Lela M. Rice, widow of her former husband, and their minor son, the defendant herein, during his minority, as they were the sole heirs of Orson E. Rice.
The question to be considered involves a construction of the homestead law of this state, section 1223, O. S. 1931, which provides in part as follows:
"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age."
It is noted that in fixing the rights of the survivors the statute uses the expression "whole" homestead. This is significant in view of the fact that it tends to emphasize the rights of the beneficiary.
The constitutional homestead, as defined by section 13671, Okla. Stats. 1931, makes no reference to how the homestead may be held, whether exclusively or whether in part, but the statute quoted clearly expresses the legislative intent to limit the benefits of the homestead to members of the family of a deceased only.
Counsel for plaintiffs in error argues that, under decisions of the Supreme Court of Texas, his position is sustained by two cases. He quotes from Jones v. El Paso Bitulithic Co. (Tex. Civ. App.) 246 S.W. 749. Without referring at length to that case, it is sufficient to say that the only point decided was that when a widow was vested with her homestead, by virtue of a former marriage, the court held that her second husband would have to join her in making a deed before title passed. This in no way determines the question now at issue.
There is nothing here that intimates approval by the idea that they could hold anything in addition to the rights that she, herself, enjoyed as to the homestead.
We have found nothing in the law, as adjudicated by the courts of Oklahoma, that gives to the surviving spouse of a second marriage, as in this case, an additional homestead to that which was created on the death following the first marriage.
Again, counsel for the plaintiffs in error take the position that Musselman was a tenant in common with his wife, and on that basis contends that on her death a homestead was created for his benefit.
Counsel quotes from the case of Atlas Supply Co. v. Blake,51 Okla. 778, 152 P. 601, in support of his argument. The court has examined the decision mentioned, which is to the effect that a husband and wife, being the owners of five acres of land used as a homestead, having sold a one-half interest for business purposes on which improvements were made and which was subsequently deeded back, that notwithstanding title to a half interest vested for a certain length of time, the property yet remained a homestead. This decision settled nothing pertaining at all to the case at bar. It merely holds that the homestead rights of the owners were kept intact and were not destroyed by the conveyance of a half interest.
In the further discussion of the question involved, we have examined one case that has apparently been overlooked by counsel for either of the parties to this suit, the case of Wares v. Knabe, 84 Okla. 66, 202 P. 774, which was a suit in partition. The facts were very much the same as the facts in the case at bar, that is to say, the plaintiffs were children of the deceased by a former marriage and the defendants were the husband and minor child of a deceased by a subsequent marriage which was in force at the time of the wife's death, and the plaintiffs were residing upon the land, with her, sought to be partitioned. Upon the trial the court held that the homestead thus occupied could not be partitioned at the suit *Page 562 
of the children of the former marriage for the reason it was a homestead. It was conceded on the part of the plaintiffs that the property was in fact a homestead, but their only contention was that the surviving husband waived whatever rights he had in the homestead in his petition for letters of administration and in his final report including said homestead as a part of the assets of the estate. Thus, the question of whether or not the second family was entitled to a homestead was not raised.
Numerous decisions of this court have defined the nature of a homestead. In Bacus v. Burns, 48 Okla. 285, 149 P. 1115, the court, in referring to a case wherein the contention was made that the homestead might be affected by will, said, in part:
"That under the Constitution the homestead is reserved to the family, and upon the death of said testator, his surviving wife, under section 6328, Rev. Laws 1910, had the right to continue to use and occupy the homestead during her lifetime; this right was hers individually, and not an interest in testator's property. * * *"
A more recent case was a case involving the rights to dispose of a homestead under a will, and in defining the homestead of the surviving spouse, the court said, in part:
"The right of the surviving spouse to continue to possess and occupy the homestead is an individual right, and not an interest in the testator's property. This right is not subject to testamentary disposition and does not pass under the decedent's will." Pence v. Cole, 85 Okla. 69, 205 P. 172.
To the same effect is Scott v. Scott, 131 Okla. 144,268 P. 245.
In Pettis v. Johnston, 78 Okla. 277, 190 P. 681, the court, in referring to the nature and character of homesteads, used this language, in part:
"* * * The homestead interest is a creature of the Constitution and statutes, nothing like it being known at common law; it is a special and peculiar interest in real estate; it is not a mere inchoate interest in either spouse, to become vested upon the death of the other; this joint right is paramount to the individual rights of either, and being incapable of division and partition between husband and wife."
We search in vain for any expression from the courts that more adequately or more definitely defines the nature and character of homestead than does the Constitution and statutes of Oklahoma which have been heretofore quoted, to wit, section 1223, C. O. S. 1931.
The same language which defines the rights of the surviving husband or wife vests in the minor child or children the right on the death of the surviving parents to "continue to possess and occupy the whole homestead until the youngest child becomes of age." Therefore, it is apparent without argument that the homestead is a distinct interest from title. As frequently stated, it is a creature of the Constitution and statutes, unknown to the common law, and on a second marriage to the surviving spouse there is nothing in the law to indicate that the right created by the second marriage could add to the rights of the survivor of the first marriage.
In other words, when Lela M. Rice, as the surviving widow of her first husband, became vested with her homestead, her rights could not be enlarged by her second marriage. It was equally true that after her marriage to Musselman and her death following that, her rights terminated with her death, and consequently any interest in the homestead acquired by the second husband and his children by her likewise terminated, and at that time the rights of the surviving child from the former marriage to the "whole homestead" began. No other construction can be placed upon the statutes from which we have quoted and to which reference has been made heretofore.
Having thus referred to the Constitution and statutes defining the homestead rights of a surviving husband or wife and their minor children, we make this observation with respect to the rights of the child, Donald E. Rice. As stated heretofore, his rights are well defined and are just as sacred to him as were the rights of his deceased mother. Should the contention of the plaintiffs in error be sustained, Donald E. Rice would be deprived of the use of his homestead until the death of his stepfather, Charles S. Musselman, and until the youngest child of the second marriage became of lawful age. More than that, he would not only lose his homestead rights, but he would lose the use of his land for any purpose until the death of his stepfather and the date at which the youngest child of the second marriage became of age. Manifestly, this would be the clearest invasion of his rights thus vested under the homestead law and as an heir to his deceased father, under which he would be entitled to a six-tenths interest on the death of his mother.
As frequently held by this court, the homestead is not subject to partition and should it be decided that the plaintiffs in error were *Page 563 
entitled to a homestead merely because they inherited an interest in the land that formerly belonged to the deceased, Orson E. Rice, then Donald E. Rice would not even acquire his interest by partition proceedings. Holmes v. Holmes,27 Okla. 140, 111 P. 220.
Furthermore, there is no law to prevent Charles S. Musselman from remarrying, and thus creating a new homestead, or another "constitutional homestead," as contended by counsel for plaintiffs in error, and, on the death of either spouse following such a marriage, then the survivor would again hold the homestead during lifetime, and so on indefinitely. And, as stated by counsel for defendant in error, in such case, Donald E. Rice must wait and pray that marrying cease in the hope that he might come into his rightful heritage.
We conclude that the proposition contended for by plaintiffs in error cannot be sustained under our law, and that the judgment of the trial court must be and is hereby affirmed.
The Supreme Court acknowledges the aid of District Judge Dennis H. Wilson, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.