**HORN v. SANKARY et al.**

No. 14389.

Court of Civil Appeals of Texas.
Fort Worth.

March 27, 1942.

Rehearing Denied April 24, 1942.

Grady Niblo and Austin S. Dodd, both of Dallas, for appellant.

Greines & Greines, of Fort Worth, for appellee.

BROWN, Justice.

Appellees, Celia Sankary, joined by her husband, Sarah Rovinsky, joined by her husband, and Goldie Horn, joined by her husband, brought suit against Fannie Horn, a widow, in trespass to try title to a certain tract of land in the City of Fort Worth, including the contents of the improvements thereon, consisting of household furniture and furnishings, and alleged that repeated demands had been made on the defendant for possession and the income from the premises, all of which had been refused; that the improvements consist of an apartment house which is being rented by the defendant and all rents collected and appropriated by her, and they prayed for a receiver to be appointed to take charge of the premises, collect the rents and pay the operating expenses during the pendency of the suit, but giving the right of possession to defendant of the apartment occupied by her.

The defendant answered, asserting that she is the surviving wife of Eli Horn, deceased, who died in August, 1941, while in possession of the premises that had been deeded to him; that the premises had been used for many years before his death by deceased and defendant as their homestead; that an application for the probate of a purported will by Eli Horn was filed by Harry Horn, who was named in such will as independent executor; that defendant contested the probate of such will, but that the county court admitted same to probate and that defendant had appealed from such order to one of the district courts of Tarrant County and such contest is now pending in said district court.

That plaintiffs' petition discloses that the plaintiffs and Morris Horn and a minor, David Horn, claim to be the owners of the property involved, and the answer then avers: "There is an absence of proper and necessary parties to this suit because of the following: (1) Defendant here refers to all matters hereinbefore set out; (2) That the plaintiffs' petition states that Celia Sankary, Sarah Rovinsky, Goldie Horn, together with Morris Horn and David Horn, a minor, are the owners of the property described in their petition, but said Morris Horn and David Horn are not made parties either plaintiff or defendant; (3) That no one is named in plaintiffs' petition as the legal representative, either as executor or temporary administrator of the estate of Eli Horn, deceased. Wherefore, defendant prays that this suit be abated and be dismissed at plaintiffs' cost."

The further contention is made in the answer that plaintiffs' suit is in trespass to try title and that there is no statutory provision for the appointment of a receiver in such cases; that she, being the surviving widow of Eli Horn, deceased, is entitled to the exclusive use and possession of the premises so long as she lives and elects to so occupy same; that she and Eli Horn made valuable improvements on the premises, thereby enhancing its value greatly; that practically all of the furnishings are a part of the community estate of herself and her late husband; that the estate is indebted to the said community by reason of the improvements; that there are debts against the estate; that she is entitled to a widow's allowance in lieu of her homestead rights, if she is not entitled to a complete homestead, under the facts.

She prays that plaintiffs take nothing, that her claim for improvements made in good faith be allowed, for her homestead rights and exemptions and widow's allowances, and that all of her rights, title and interest, equities and liens be allowed.

The trial court overruled the plea in abatement and entered an order appointing a receiver for the property. From this interlocutory order the defendant appeals and presents seven points.

The first point complains of the overruling of the plea in abatement.

There is no merit in the contention.

The order appealed from is merely an interlocutory order appointing a receiver and is not a final judgment on the merits. Adams v. Impey, Tex.Civ.App., 131 S.W. 2d 288; Zanes v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 49 S.W.2d 922, writ refused; Beacon Oil & Refining Co. v. State, Tex.Civ.App., 56 S.W.2d 519, writ dismissed.

158

■ The plea in abatement bottomed on the theory that the district court has no jurisdiction in the instant suit because of the proceedings begun in the probate court and appealed to one of the other district courts, is likewise not well taken.

■ Our Supreme Court holds that notwithstanding a pending administration the jurisdiction of the district court may be availed of for the settlement of questions affecting the estate which the powers of the probate court are inadequate to determine. Lauraine v. Ashe et al., 109 Tex. 69, 191 S.W. 563; Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980.

The third point complains of the overruling of several special exceptions addressed to the petition.

We see no merit in the contention and see no good reason to discuss the matter.

■ The fourth point asserts that the undisputed evidence shows that plaintiffs and the defendant are tenants in common and that defendant is entitled to a homestead in one-half of the estate as the surviving widow of Eli Horn, deceased, and therefore no receivership is available to plaintiffs. There is no merit in the contention because the wife, who was the mother of these plaintiffs, is dead and they undoubtedly inherited her undivided one-half interest in the property, and the defendant here is a subsequent wife—a stepmother of the plaintiffs—and as such surviving wife she can claim no homestead right in that portion of the estate owned by the deceased mother of plaintiffs. All of the right that she could possibly claim would be in, to and from whatever property the husband actually owned and possessed at the time of his death. Gilliam v. Null, 58 Tex. 298; Clements v. Maury, 50 Tex. Civ.App. 158, 110 S.W. 185, writ refused; Dakan v. Dakan, 125 Tex. 305, 83 S.W. 2d 620.

■ The fifth point asserts that the trial court erred in appointing a receiver of the furniture in the several apartments because the undisputed evidence showed that defendant is entitled to the exclusive possession as against plaintiffs, such furniture being the community property of herself and her deceased husband, and she being the owner of an undivided one-half interest therein and being entitled to claim the remaining one-half interest because of the exemption laws and insolvency of the estate of Eli Horn, deceased, or she was entitled to the possession of same because of her widow's rights and equities.

We see no merit in this contention as it appears to us that the rights of these surviving children are as sacred as those of this surviving wife—the children's stepmother—and these several rights can and should be adjusted at a final hearing on the merits.

■ The sixth point contends that because valuable improvements were made by her and her deceased husband, enhancing the value of the property, she has an equitable right, lien and interest and the trial court erred in taking possession from her by appointing a receiver to take charge.

A claim for improvements made in good faith is not a right, title or interest in the land; it is a claim against the estate and may be found and the rights of the claimant adjusted as that of any other creditor. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620.

The seventh point contends that the evidence is insufficient to warrant the trial court in applying so harsh a remedy as the appointment of a receiver.

■ The record discloses that the estate inherited from the plaintiffs' deceased mother, whatever disposition there may be of the deceased father's estate under his will, if finally probated, or under the laws of descent and distribution, and the rights of the defendant are bound up in such a manner that it is but just and equitable that no one of the contesting parties be given the exclusive right of possession of the property and the collection of the rents therefrom, but that the trial court, in the exercise of the discretion lodged in such court, had the right and power to appoint a receiver to take charge of the property pending a final hearing and judgment between the parties.

Murphey v. Murphey, 131 S.W.2d 158, opinion by Mr. Justice Alexander, speaking for the Waco Court of Civil Appeals, discusses the rights of a surviving wife in a case "on all fours" with the case at bar.

Appellant, in challenging the right of the trial court to appoint a receiver in a case where the circumstances are as here disclosed, is in error.

We see no such distinction between the case at bar and the principles announced in West v. Hermann, 47 Tex.Civ.App. 131,

104 S.W. 428, and in Gilmer v. Ferguson, Tex.Civ.App., 148 S.W.2d 984. See also Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980, and Richardson v. McCloskey et al., Tex.Civ.App., 228 S.W. 323, writ dismissed.

Finding no reversible error, the judgment is affirmed.