**In re RICHARDS' ESTATE.**

**Norbert C. RICHARDS, Plaintiff in Error,**

**v.**

**Louis M. INMAN et al., Defendants in Error.**

**No. 36502.**

Supreme Court of Oklahoma.

Nov. 15, 1955.

Rehearing Denied March 6, 1956.

Application for Leave to File Second Petition for Rehearing Denied

March 27, 1956.

D. N. Tillotson, Nowata, for plaintiff in error.

Chappell & Maddux, Nowata, for defendants in error.

WILLIAMS, Vice Chief Justice.

Norbert C. Richards, the plaintiff in error, filed a motion in the Estate of Ella E. Richards, deceased, in the County Court of Nowata County, Oklahoma, to set aside certain property to him as a homestead. The motion was denied by the county court and by the district court on appeal, and Richards appeals to this court.

The only question presented here is whether or not Norbert C. Richards, the second husband of Ella E. Richards, formerly Inman, deceased, has a homestead right in and to the property involved herein.

There is no dispute as to the factual situation involved, which is as follows. John G. Inman died intestate in 1942 seized and possessed of the fee simple title to the property here involved, which at the time of his death was his homestead. He was survived by his wife, Ella E. Inman and eight children. The estate of John G. Inman, deceased, was duly probated and distributed, an undivided one-third interest therein going to the surviving wife, Ella E. Inman, and an undivided one-twelfth interest therein going to each of said eight children. In the probate of said estate, the property here involved was set aside to Ella E. Inman, the surviving widow, as the homestead. Thereafter Ella E. Inman married Norbert C. Richards, and they lived and resided upon the property here involved from the time of their marriage until the date of death of Ella E. Richards, formerly Inman, which occurred in 1953. Ella E. Richards is survived by her second husband, Norbert C. Richards, and her eight children by her first husband, none of whom are minors.

Plaintiff in error contends, as his only assignment of error, that the court erred in rendering judgment refusing to set aside the property in question to him as a homestead in view of the factual situation above stated. We have held to the contrary, however, in In re Musselman's Estate, 167 Okl. 560, 31 P.2d 142, 143. The facts in that case were identical with those of the case at bar, with the exception that the child of the first marriage was still a minor at the time of the death of his mother, and there were three minor children of the second marriage, whereas in the case at bar none of the children of the first marriage are minors and there are no children of the second marriage. Plaintiff in error contends that the minor child of the first marriage was the deciding factor in the Musselman case and that the absence of such factor in the case at bar requires that the holding here be the other way. We do not agree with such contention, however. In the Musselman case we stated the question involved as follows:

"Therefore, the only question is as to whether on the death of Lela M.

Musselman, a new homestead was created for the benefit of the widower, Musselman, and his three minor children."

We answered such question in the negative, and in so doing used the following language:

"We have found nothing in the law, as adjudicated by the courts of Oklahoma, that gives to the surviving spouse of a second marriage, as in this case, an additional homestead to that which was created on the death following the first marriage."

We also said:

"In other words, when Lela M. Rice, as the surviving widow of her first husband, became vested with her homestead her rights could not be enlarged by her second marriage. It was equally true that after her marriage to Musselman and her death following that, her rights terminated with her death, and consequently any interest in the homestead acquired by the second husband and his children by her likewise terminated, * * *."

Plaintiff in error cites no cases contrary to the Musselman case, supra, and no cases holding that a second husband acquires a homestead right in the homestead acquired by the widow from her first husband, and we have found no such cases. In 40 C.J.S., Homesteads, § 259, p. 750, we find the following:

"The statutes giving a right of homestead to a surviving husband usually do not give a homestead right to the second husband in the homestead acquired by the widow from her first husband, although the second husband lives with the widow on the homestead, and although he acquires the remainder interest of the first husband's children."

Footnotes 42 and 43 at 40 C.J.S., p. 750, reveal that the cases relied on for the above quotation are the Musselman case, supra; and the Arkansas case of Kulbreath v. Drew County Timber Co., 125 Ark. 291, 188 S.W. 810. No cases to the contrary are cited. In the Kulbreath case, supra, the second husband had purchased the interest

of the children of the first marriage in the property involved and such children were not minors, but the Arkansas court nevertheless held that such second husband acquired no homestead right in the property.

The court properly denied the motion of Norbert C. Richards to set aside the property in question to him as a homestead.

Judgment affirmed.

CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

WELCH, J., dissents.

WELCH, Justice (dissenting).

I agree of course that upon the death of Ella, her second husband did not acquire or have any homestead right in the homestead right theretofore acquired by Ella from her deceased first husband. That is the rule stated in the syllabus, and I agree to that rule.

I also agree with the rule stated in 40 C.J.S., Homesteads, § 259, p. 750, which is quoted on page 3 of the majority opinion. That rule is in line with the syllabus of the majority opinion.

But there is another question presented in the case which is not discussed or decided in the majority opinion. It is the contention of Richards that Ella, by inheritance, was the outright owner of an undivided one-third interest in the land at the time of her second marriage, and that she and Richards resided thereon after marriage until Ella died, and it is his further contention that upon her death he did have homestead rights as to, or in, that undivided one-third interest. I think the court should discuss and determine that question.

It seems to be the fixed rule that the family homestead character, or homestead rights, may attach to part title or to an undivided interest owned by one of the spouses in the premises occupied as the home of the family. Hein v. Wahl, 170 Okl. 402, 40 P.2d 683, and Lehman v. Tucker, 176 Okl. 286, 55 P.2d 62.

As I analyze the decision in In re Musselman's Estate, 167 Okl. 560, 31 P.2d 142, that decision is not directly in point here.

In that case the original homestead resulted from the death of a first spouse, as in this case, but there the exact similarity disappears. In the Musselman case the husband Rice died leaving a widow and a three year old son. The homestead rights then and there accrued to both Mrs. Rice and the child, which was a right in Mrs. Rice to occupy the homestead for life, and a right in the child to occupy the homestead with his mother until he arrived at maturity, and the son had the further right that if his mother died first he then had the exclusive right to occupy the homestead from her death until his maturity. She did die first and in the decision there in favor of the son, and against her second husband and children the court merely held that the vested homestead right of the first son could not be affected or diminished by anything his mother did, and therefore the fact that she remarried and bore children could not affect the vested right of her first son to occupy the homestead from the time of her death until he reached maturity.

The decision in the Musselman case really does nothing more than to fully preserve the homestead rights of the son of the first marriage which vested in him at the death of his father, who was the first spouse. In that respect that case merely followed the general rule stated in 40 C.J.S., Homesteads, § 257, p. 746, as follows:

"The homestead rights of surviving children ordinarily may not be prejudiced by the acts of the surviving spouse * * *. Accordingly it has been held that the rights of the surviving children would not be prejudiced by the following acts of the surviving spouse * * * remarriage of the widow * * *."

The majority opinion also cites the case of Kulbreath v. Drew County Timber Co., 125 Ark. 291, 188 S.E. 810, but as I analyze it that case is not in point. There John Clark and his wife Laura dwelt on land he owned as their family home. He died leaving his widow Laura and three minor children and all four continued on the premises as their homestead. The widow then married Kulbreath and he too resided with the others on the premises. But Kulbreath was the next to die. Of course he had not then acquired any homestead rights in the homestead rights of his wife. If it had been Laura instead of Kulbreath who died, then the circumstances would have in part paralleled the circumstances in this, the Richards case, and in part the circumstances in the Musselman case, but since Kulbreath died first the question raised in this case did not and could not have been considered in the Kulbreath case. No other authorities are cited or relied upon by the majority.

No Oklahoma decisions dealing with a fact situation similar to the case at bar are cited by any one, because the exact matter apparently has never been presented to this court before, but in this case the question was submitted to the trial court and is also presented in this court. The whole cause was submitted to the trial court on written stipulation of facts in which paragraph 9 was as follows:

"It is further agreed that the sole and only question to be determined by this court is whether or not said Norbert C. Richards, the second husband of said deceased, has a homestead right in and to said first above described real estate *or the 1/3rd interest therein owned by said Ella E. Richards, formerly Inman, deceased, at the time of her death.*" (Emphasis added.)

The matter is submitted here on the following statement in plaintiff in error's brief as follows:

"The facts in the case are undisputed and are fully set forth in the above stipulation as to facts and the sole and only question to be determined by this Court is whether or not plaintiff in error as the second husband of the deceased, Ella M. or Ella E. Richards, has a homestead right in and to the real property described in the Stipulation of Facts *or the 1/3rd interest therein owned by the said Ella E. or Ella M. Richards, formerly Inman, deceased.*" (Emphasis added.)

While there are no Oklahoma cases directly in point, there are cases very closely

in point in Texas, where the situation has been considered several times, with the holding that in similar circumstances the second surviving spouse had and acquired a homestead right in and to the fractional interest in fee owned by the deceased spouse, which. rule we could apply in this case to the undivided interest in fee which Ella Richards, formerly Inman, owned at the time of her death. At least we could consider the matter. See the following Texas cases with numerous supporting authorities cited in those decisions, to-wit: Schultz v. Schultz, Tex.Civ.App., 45 S.W.2d 312; Murphey v. Murphey, Tex.Civ.App., 131 S.W.2d 158; Horn v. Sankary, Tex.Civ. App., 161 S.W.2d 156. No cases to the contrary are cited.

I think in this case it is the duty of the court to consider that question and determine it, and therefore that the majority opinion here is not complete, and it is for that reason that I dissent.