Flora Bell BROWN, now Maytubby, Roll No. 2961, et al., Plaintiffs-in-Error,

v.

Pearl Caroline WILSON, formerly Keel, now Rowe, Roll No. NB–134, et al., Defendants-in-Error.

No. 39767.

Supreme Court of Oklahoma.

Sept. 25, 1962.

Rehearing Denied Oct. 15, 1963.

Second Rehearing Denied Nov. 5, 1963.

John B. Ogden, Oklahoma City, for plaintiffs in error.

Ernest W. Tate, Ardmore, for defendants in error.

IRWIN, Justice.

Defendants-in-error, who owned an undivided interest in the property involved in this action, commenced proceedings to determine the death and heirship of Hagen Maytubby, determine the interest of the respective parties, quiet title to the property and for partition of the same. Plaintiff-in-error, Flora Bell Brown Maytubby, the surviving spouse of Hagen Maytubby, contested the action on the grounds that (1) the property constituted her homestead and could not be partitioned; or if all the property did not constitute her homestead she was entitled to her homestead rights on her undivided interest and she could not be forced to surrender these rights in a partition proceeding; and (2) the district court did not have jurisdiction to determine the heirs of Hagen Maytubby until the expiration of three years or more from the date of death of Hagen Maytubby as provided by Title 84 O.S.1961 § 257.

The trial court found it had jurisdiction, determined the death and heirship of Hagen

Maytubby, and their respective interests, quieted title to the property and ordered partition. After a motion for a new trial was overruled, Flora Bell Brown Maytubby perfected this appeal. Defendants-in-error will be referred to as plaintiffs and plaintiff-in-error will be referred to as Flora Bell Brown Maytubby or Flora Bell Brown.

## FACTS

All the parties involved in this action are Full Blood Chickashaw Indians or not less than three-fourths full blood (and are all of legal age) and the property involved is restricted, tax exempt and not subject to administration proceedings. However, these facts are not determinative of the issues involved and will not be further considered.

The quarter-section of land involved was allotted and patented to Martha Newberry who later married Hagen Maytubby and they occupied the property as their homestead. After the death of Martha Newberry Maytubby, who died without issue, a Decree of Heirship was entered in her estate on November 12, 1942. Plaintiffs were decreed an undivided interest in the property; Hagen Maytubby was decreed an undivided one-half interest; and Flora Bell Brown, a niece of Martha Newberry Maytubby, an undivided one-twelfth interest. The interests of the other heirs of Martha Newberry Maytubby are not necessary to mention.

Subsequent to the death of Martha Newberry Maytubby, Hagen Maytubby married Flora Bell Brown and they continued to occupy the property as their homestead. Hagen Maytubby died on October 18, 1957, and this action was commenced on February 16, 1960, less than three years after his death.

## CONCLUSIONS

We will first consider the contentions of Flora Bell Brown Maytubby which relate to her homestead rights in the property.

After the death of Martha Newberry Maytubby, title to the property was vested in the plaintiffs, Flora Bell Brown (Maytubby), Hagen Maytubby and the other heirs of Martha Newberry (Maytubby) as co-tenants. However, all the property was subject to the homestead rights of Hagen Maytubby, the surviving husband of Martha Newberry (Maytubby). He exercised his homestead rights and after his marriage to Flora Bell Brown, they continued to occupy the property as their homestead.

After the death of Hagen Maytubby, the plaintiffs, Flora Bell Brown Maytubby and others were owners of the property as co-tenants. It is the contentions of Flora Bell Brown Maytubby that since the property was subject to the homestead rights of her deceased husband during his lifetime and that they occupied the property as their homestead during their marriage, that as Hagen Maytubby's surviving spouse, she had the right to possess and occupy all the land as her homestead, or she was entitled to homestead rights on her undivided interest, and in either event the land was not subject to partition.

The controlling issue in the instant action is not whether a co-tenant may occupy property held in common as a homestead, but rather: Are the interests of plaintiffs subject to the homestead rights of Flora Bell Brown Maytubby? If they are not subject to the homestead rights of Flora Bell Brown Maytubby, can plaintiffs as co-tenants maintain an action in partition?

In re Musselman's Estate, Musselman et al. v. Monroe, 167 Okl. 560, 31 P.2d 142, we held:

"Upon the death of the owner of a homestead leaving surviving his widow and minor child, such surviving widow is entitled to possess and occupy the whole homestead, and upon her death such minor child is entitled to possess and occupy the whole homestead until he becomes of age, to the exclusion of minor children born to such surviving widow by a subsequent marriage."

In the Musselman case we said that we had found nothing in the law as adjudicated by the courts of Oklahoma, that gives to the surviving spouse of a second marriage an additional homestead to that which was cre-

ated on the death of the first spouse. We also said that after the death of the widow, even though she had remarried, her rights in the homestead had terminated consequently any interest in the homestead acquired by the second husband and his children by her likewise terminated.

In Greenshaw v. Brown, 96 Okl. 11, 219 P. 934, we said:

"* * *, under the holding of this court in the case of Union Trust Co. v. Cox, 55 Okl. 68, 155 Pac. 206, * * *, the right of the survivor to continue to occupy the homestead after the constituent members of the family have been broken up does not extend further than to the surviving husband or wife and their minor children."

In the instant case, Hagen Maytubby was the constituent member of the family who possessed homestead rights to all the property. His marriage to Flora Bell Brown (Maytubby) did not create any additional homestead rights against the interest of the plaintiffs and on the death of Hagen Maytubby his homestead rights terminated and consequently any interest in the homestead acquired by Flora Bell Brown Maytubby as the spouse of Hagen Maytubby likewise terminated. We therefore hold that any homestead rights that Flora Bell Brown Maytubby had against the interests of the plaintiffs during the lifetime of Hagen Maytubby, terminated on the death of Hagen Maytubby, and she has no homestead rights as against the interests of plaintiffs.

Since the interests of the plaintiffs are not subject to the homestead rights of Flora Bell Brown Maytubby, may they, as cotenants of Flora Bell Brown Maytubby, maintain a partition action.

In discussing this problem in Gottsch v. Ireland, Okl., 358 P.2d 1097, we said:

"There is a source of confusion or apparent conflicts in the law of partition as applied to homestead interest, which arises out of the failure to separate and distinguish cases of homestead rights attaching merely to the undivided interest of a cotenant from cases where such rights are held in respect of or constitute a claim or encumbrance against all fee interests. If the homestead exists only in favor of the spouse or family of a cotenant, it is clear that other cotenants have a right of partition superior to the homestead interest. The homestead in such case is no more effectual to prevent partition than the undivided interest to which it is limited."

And we held:

"A tenant in common will be allowed his homestead in the common property as against the claims of creditors, but not as against the claims of his cotenants so as to defeat their right to partition. * * *".

We therefore hold that whatever homestead rights Flora Bell Brown Maytubby may possess can not defeat plaintiffs' (her cotenants) right to partition and they may maintain this partition action.

The contention of Flora Bell Brown Maytubby, which challenges the jurisdiction of the district court to determine the heirs of Hagen Maytubby before the expiration of more than three years after his death, can not be sustained.

In Gottsch v. Ireland, supra, the facts disclose that Albert B. Ireland died intestate in 1928, and at the time of his death owned the fee simple title to the land involved in the litigation. He left two brothers, Thomas and Steve, as his sole and only heirs. No administration proceedings were instituted for the estate of Albert B. Ireland.

In January, 1932, Steve died intestate and at the time of his death he still owned an undivided one-half interest in the property. Under the laws of succession, this interest descended to his heirs.

In July, 1932, Thomas died intestate, seized with an undivided one-half interest in the property which descended to his wife Mattie. Mattie later married M. E. Gottsch and died on March 5, 1958. On March 14,

1958, M. E. Gottsch filed his petition for letters of administration upon the estate of Mattie Ireland Gottsch and he was duly appointed administrator.

In September, 1958, the heirs of Thomas Ireland, filed an action against M. E. Gottsch, as administrator of the Estate of Mattie Gottsch, and against him as an individual, wherein they sought to determine the interest of the parties, partition of the property between the owners thereof according to their respective interests, and other relief.

It was contended that the district court did not have jurisdiction to determine the heirship of Mattie Ireland Gottsch prior to the lapse of three years after her death pursuant to the trial court's general powers to try the issues in an action to determine the ownership of real property.

In holding that the district court did have jurisdiction to determine the heirs of Mattie Ireland Gottsch, even though three years had not elapsed from the date of her death, we relied on the case of Clark v. Kinder, Okl., 269 P.2d 345, wherein we said:

> "We have held that the district court has jurisdiction in partition suits. The rights of a cotenant cannot be suspended because of the death of a tenant in common. The right of partition is absolute * * *".

In the instant action, plaintiffs were cotenants with Flora Bell Brown Maytubby and Hagen Maytubby prior to the death of Hagen Maytubby. As cotenants they were entitled to bring an action to partition the property to enable them to sever their interests so that each of them could take possession of, enjoy, and improve his separate estate at his or her pleasure. The death of a cotenant could neither add nor detract from their right to partition nor does Title 84 O.S.1961 § 257, limit this right.

We can only conclude that the right of a cotenant to maintain an action in partition is not suspended because of the death of a cotenant and that Title 84 O.S.1961 § 257, does not limit this right. We therefore hold the district court had jurisdiction to partition the property involved, and in so doing it had jurisdiction to determine the heirs of Flora Bell Brown Maytubby prior to the lapse of three or more years after her death.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.