Dora Mae HENSLEE and J. B. Henslee, husband and wife, Plaintiffs in Error,

v.

Odell HERRING, Mahota Henslee, Gilbert Henslee, Flossie Heatley, Loraine Smith, Ada I. Evans, J. H. Henslee, Mack Henslee, and Joe Huddleston, Sheriff of McClain County, Oklahoma, Defendants in Error.

No. 40479.

Supreme Court of Oklahoma.

March 9, 1965.

Rehearing Denied June 29, 1965.

512 ■ 

H. A. Leatherman, and Sam W. Moore, Oklahoma City, for plaintiffs in error.

O. B. Moody, Lindsay, for defendant in error, Odell Herring.

Montgomery & Montgomery, Purcell, for defendants in error, Gilbert Henslee, Flossie Heatley, Loraine Smith, Ada I. Evans, J. H. Henslee, and Mack Henslee.

BERRY, Justice.

J. B. Henslee and his wife, Dora Mae, wherein referred to as plaintiffs or by name, brought this action against six of his eleven brothers and sisters, defendants herein, and also against Odell Herring, a defendant herein, as the purchaser of real property in compliance with a former judgment, and Joe Huddleston, a defendant herein, Sheriff of McClain County.

A summation of the pertinent allegations and inferences of plaintiffs, J. B. and Dora Mae Henslee's amended petition show that J. B. Henslee, plaintiff, along with eleven brothers and sisters, inherited from their deceased father and mother an undivided $\frac{1}{12}$ interest each in and to certain real estate located in McClain County, Oklahoma, which property is involved in this litigation.

Thereafter J. B. Henslee, plaintiff, by conveyances and acquisitions from four other heirs, not parties in this action, became the owner of an additional $\frac{4}{24}$ths undivided interest in and to the property; that plaintiffs, J. B. Henslee and his wife, Dora Mae Henslee, have been in possession of this property as their homestead for a period of 15 years prior to May 9th, 1962, the date of judgment in a prior action; that the judgment was the result of a partition action which included as parties the heirs of the father and mother of plaintiff J. B. Henslee; that the judgment ordered the property sold to defendant, Odell Herring; that the district court issued a "writ of assistance" to defendant, Joe Huddleston, Sheriff of McClain County, "to place forthwith the said Odell Herring in full possession of said property and premises"; that the prior judgment was void in that plaintiff, Dora Mae Henslee, was not a party to the action in which the prior judgment was rendered; that she was deprived of her homestead interest in and to the premises without "due process" as required by Art. II, Sec. 7, Okla.Const., and that all defendants had constructive and actual knowledge of the possession of the premises by the plaintiffs and their asserted claims.

The plaintiffs asked the district court that its former judgment be set aside and prayed for actual and punitive damages; and that the title be quieted in them, and for any other relief to which they were entitled.

The trial court sustained a demurrer to plaintiffs' amended petition and dismissed the cause with prejudice as to each of the defendants, from which order plaintiffs have appealed upon the original record.

Plaintiffs advance as assignments of error that the trial court erred in sustaining defendants' demurrer to their amended petition, and in dismissing with prejudice their amended petition.

Plaintiffs contend that plaintiff, Dora Mae, having no notice of the partition action "was, obviously, afforded no opportunity to be heard." When her homestead interest was sold without notice her position was analogous to that of the spouse of a title owner who voluntarily sold their homestead without obtaining the signature of the non-record holding spouse; and the conveyance is void as to both. When plaintiff, Dora Mae, was not made a party nor was given notice in the prior partition action and her homestead right was adjudicated and taken from her, she was denied due process of law; that each defendant had constructive notice and actual knowledge that plaintiffs had possession of the property and of their claims of "homestead interest".

Plaintiffs quote from Art. II, Sec. 7, Okla. Const., which reads:

"No person shall be deprived of life, liberty, or property without due process of law."

Plaintiffs also quote from Skinner v. State ex rel. Williamson, 189 Okl. 235, 115 P.2d 123, the following:

"As to procedure (due process) it means 'notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a competent and impartial tribunal having jurisdiction of the cause.' "

Plaintiffs cite Foster v. Marshall, 141 Okl. 246, 284 P. 882, which in part states:

" * * * notice must be given before substantial rights can be taken from the citizen."

■ Since this is an appeal from an order sustaining a demurrer to plaintiffs' petition, we will resolve as true all allegations and reasonable inferences therefrom in favor of plaintiffs and against defendants.

■ We concede that generally possession would place all parties on notice as to all equities and rights of those in possession.

In Merrill On Notice, Vol. 1, Sec. 104, at page 132, we find this principle:

"It is well settled that the effect of possession as notice is limited to giving warning of rights actually inhering in the occupant. No matter how open and arresting his holding may be, if he has no legal claim the purchaser is in no wise affected. * * *"

■ In Saxon v. Henderson et al., 136 Okl. 180, 276 P. 732, we held:

"Actual possession by a party claiming an interest in the real estate possessed is notice to subsequent purchasers and incumbrancers of such interest as the possessor actually has therein, but possession by one who has no estate, title, or interest in the property does not create an estate or title in favor of the possessor."

In line with this holding we conclude that Dora Mae's (plaintiff) right to notice hinges upon whether or not the petition sufficiently alleges she had an estate, title or interest in the property other than mere possession. The pleadings and briefs of plaintiffs base their reliance upon Dora Mae's claim of homestead interest. As we view plaintiffs' possession, it is notice to defendants as to such interest in Dora Mae as she was legally or equitably vested.

On this conclusion we are left with the question as to what was the actual vested legal or equitable interest claimed by Dora Mae as alleged in the amended petition.

Plaintiffs' brief cites Brown v. Wilson, Okl., 386 P.2d 152, and Gottsch v. Ireland, Okl., 358 P.2d 1097, which theorizes that these cases are not in point because the parties (in cited cases) whose homestead interests were adjudicated, were parties to the action. We conclude these cases are in point and are controlling unless plaintiffs' petition alleges sufficiently that plaintiff, Dora Mae, had a valid subsisting claim which she could have legally asserted against the plaintiffs in the prior action.

Defendants cite and quote from Cole v. Coons, 1947, 162 Kan. 624, 178 P.2d 997, the following:

"A homestead right of occupancy may be established on a cotenancy title, an equitable title, an executory contract to purchase, a leasehold estate, or an estate for life, as against almost any class of claimants except cotenants."

In the Gottsch case, supra, we held:

"A tenant in common, or cotenant, can obtain no such homestead interest as will interfere with the rights or interests of his cotenant or any person rightfully claiming under his cotenant."

We recognize and concede that generally Art. 12, Sec. 2, Okla.Const. and 31 O.S.1961, § 1 et seq., in transactions or actions involving homestead claims must be recognized by parties other than cotenants, but in the case before us we must still determine her claim if any is subservient and inferior to the right of partition invoked by a cotenant. We cannot permit the claim of homestead by the wife of a cotenant in possession to interfere with, or defeat, the paramount right of partition exercised by cotenants which right, under the allegations in this case, appears absolute. We conclude that plaintiff, J. B. Henslee, was divested of his undivided interest by the exercise of the paramount right of his cotenants in the prior action and judgment. We conclude from Dora Mae's petition filed in the instant case that she had no homestead interest as against the cotenants.

We further conclude that as to the cotenants, plaintiff, Dora Mae, had no homestead interest recognizable in the former partition suit under the facts pleaded in the instant action. These conclusions must be drawn from the facts set forth in the pleadings filed herein.

We further recognize that the right of homestead may suspend a partition action by a cotenant for a time. Under 58 O.S.1961, § 311, after the death of one spouse the surviving spouse and children are cotenants and as such, a partition action could not be maintained to defeat the surviving spouse's or any minor child's homestead right. Any homestead right that plaintiffs might have had under this section ceased when plaintiff, J. B. Henslee, reached his majority. As to what manner plaintiff J. B. Henslee acquired additional undivided interests of other heirs is of no consequence insofar as a defense against partition exercised by other cotenants.

We conclude that the occupancy or possession of plaintiff Dora Mae was notice of no more than her actual interest. Since her claim to homestead did not constitute an interest which could interfere with the right of her husband's cotenants to partition, the failure to notify her of the partition action did not render the prior judgment void. See also Brown v. Wilson, supra.

Defendant cites 12 O.S.1961, § 1035, which in part reads:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; * * *."

Defendants contend this section applies, and urge that a technical defense is not sufficient to vacate a judgment but that the defense must be meritorious.

Since we have heretofore concluded plaintiff Dora Mae was not a necessary party and the prior judgment not void, we

now determine that Sec. 1035, supra, is applicable and that plaintiff must allege a meritorious defense which is superior to that of the parties in the prior action.

In Rogers et al. v. Sheppard et al., 200 Okl. 203, 192 P.2d 643, we held:

"The Supreme Court will not reverse an order of the trial court denying a motion or petition to vacate a judgment, not void, where the appellant did not plead and prove in the trial court a valid defense if a defendant, or a valid cause of action if a plaintiff."

Defendants cite Hazelbaker v. Reber, 1929, 123 Kan. 131, 254 P. 407, which in part reads:

"* * * but where the right of partition is absolute, the fact that one of the cotenants occupies the property as a homestead is of no consequence and calls for no different rule of law touching necessary parties than the one just announced * * *."

We can only determine that the plaintiff, Dora Mae, was not a necessary party to the prior partition action, and failure to notify her did not render the prior judgment void; and that the allegations of the amended petition failed to show that Dora Mae had a meritorious defense in the prior action.

We have examined the pleadings and have resolved all allegations and reasonable inferences of plaintiffs' amended petition in plaintiffs' favor. We hereby hold and conclude that the trial court did not err in sustaining defendants' demurrer and dismissing plaintiffs' cause.

Affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON and WILLIAMS, JJ., concur.

Rehearing denied.

BERRY, J., dissenting as to denial of oral argument.