## HARSH, GUARDIAN, v. GRIFFIN.

1. **Mortgage:** FORECLOSURE: MINOR HEIRS NOT MADE PARTIES: REMEDY: PARTITION: REDEMPTION. Where minor heirs were not made parties to the foreclosure of a mortgage on land, the undivided two-thirds of which they had inherited from the mortgagor, *held* that their only right was to redeem from the mortgage, and that, where the mortgagee had obtained a deed to the land under foreclosure, they could not maintain an action for partition, as though they were the unqualified owners of an undivided interest therein. (See opinion for cases cited.)

2. ———: ———: SANITY OF MORTGAGOR ADJUDICATED: HEIRS BOUND. In an action to foreclose a mortgage, where the mortgagor sought to avoid the mortgage on the ground of insanity, but he died before trial, and his administrator was substituted, but his heirs were not made parties, and the issue of insanity was adjudicated in favor of the mortgagee, *held* that such adjudication was binding upon the heirs.

3. **Homestead:** CONVEYANCE BY HUSBAND TO WIFE: WIFE NEED NOT JOIN. Section 1990 of the Code, providing that no conveyance of the homestead shall be valid unless the husband and wife join therein, *held* not to apply to a case where the husband deeds to the wife.

*Appeal from Creston Superior Court* — HON. GEORGE P. WILSON, *Judge.*

FRIDAY, OCTOBER 14.

ACTION to partition a lot in the city of Creston, brought by the plaintiff as guardian of two minors. By the decree of the court below, partition of the property was made, alloting equal shares to the defendant and each of the plaintiffs. Defendant appeals.

*McDill & Sullivan*, for appellant.

*Higbee & Hanna*, for appellees.

BECK, J.— I. The facts upon which the interests of the several parties to the suit are based are shown by the pleadings and the evidence to be as follows: The father of plaintiff's wards, before his marriage with their mother, executed two mortgages upon the property in controversy to

secure certain promissory notes made by him to defendant. After the marriage he conveyed the property to the mother of the wards; and subsequently he and she united in the execution of another mortgage to defendant on the property to secure another promissory note executed by both of them. An action was brought to foreclose these mortgages. The wards' mother and certain lienholders were made defendants in the action, who set up as a defense that the father, at time of the execution of the notes and mortgages, was insane, which was known to defendant. Before the cause was tried, the father died, and his administrator was substituted as a defendant. The property covered by the mortgages was occupied by the father and mother, until his death, as their homestead, and has since been occupied in the same way by the mother with her family. A decree was entered, foreclosing the mortgage, upon which a special execution was issued, and the property was sold thereon to defendant, the mortgagee.

II. The plaintiff claims that defendant acquired by the foreclosure and sale the interest held by his wards' mother in

**1. MORTGAGE: foreclosure: minor heirs not made parties: remedy: redemption:** the property, being an undivided one-third thereof, and that, as his wards were not parties to the proceeding, they hold, as heirs, title to the undivided two-thirds. In our opinion, the interest of plaintiff's wards in the property is nothing more or other than to redeem from the mortgage. It is true they were necessary parties to the foreclosure proceedings, which, for the reason that they were not joined therein, did not cut off their right to redeem. The proceeding, because of the non-joiner, was not wholly void, and certainly did not defeat defendant's rights as a mortgagee. These rights are such that he holds the property, subject to the liens of the mortgages, from which plaintiff's wards may redeem, for the reason that their equity of redemption had not been cut off. Surely, it will not be claimed that a mortgagor, or one standing in his shoes, as an heir, can bring an action against the

mortgagee to partition the mortgaged land. His only right is to redeem. Even should the foreclosure proceedings be regarded as voidable as to plaintiff's wards, defendant's rights under the mortgage are not affected. He still has the right to hold the property until it be redeemed. In support of these familiar doctrines, see Jones, Mortg., § 1395; *Porter v. Kilgore*, 32 Iowa, 379; *Knowles v. Rablin*, 20 Id., 101; *Anson v. Anson*, Id., 55; *Veach v. Schaup*, 3 Id., 194.

III. The issues involving the sanity of the father of plaintiff's wards was raised by an answer filed in his life-

2. ——: ——: time, and, after his death and the substitution of
sanity of
mortgagor    his administrator, was determined in favor of
adjudicated:
heirs bound.  defendant. As against his estate, it was an adjudication establishing the validity of the mortgages as liens upon the property thereof. Plaintiff's wards ought to be bound by this adjudication; for it determines the liabilities of the estate for the debt, and the validity of the mortgages. The adjudication does not affect their right of redemption. But should it be assumed that it does not bind them, they cannot maintain this action. The evidence does not tend to show insanity of the mortgagor when the first two mortgages were executed. Whatever may be their right as to the last mortgage, their only rights as to the other two are to redeem. These mortgages, therefore, stand in the way of plaintiff's claim for the partition of the property.

IV. Counsel for plaintiffs insist that the deed executed by the father of plaintiff's wards to their mother was void,

3. HOME-      for the reason that the property conveyed was
STEAD: con-
veyance by    the homestead of the parties, and the wife of the
husband to
wife: wife    grantor did not join as grantor in the conveyance to
need not
join.         herself. The position is this: A deed by a husband to his wife of their homestead is void, unless the wife joins therein, thus executing a deed to herself of her own interest in the property. Code, § 1990, is relied upon to support this position. It provides that a deed of a homestead is not valid, unless the husband and wife join therein. The case of a deed to

the wife is not within the spirit of this section, which surely cannot intend that the wife should do the vain and absurd thing of executing as grantor a deed to herself as grantee. But, if we assume for the purpose of the case that the deed is void, the rights of defendant under the last mortgage are alone affected. He holds the other two mortgages as liens upon the land, which can be removed by plaintiff in no other way than by redemption.

We have disposed of all the questions in the case, and reach the conclusion that the petition of plaintiffs ought to be dismissed.                                REVERSED.