JOHN S. HALL v. OREN A. POWELL *et ux.*

(Filed April 10, 1899.)

1. APPEAL—*Review—Findings.* This cause was submitted to the court
upon evidence taken in open court, and special findings of fact
were made at the request of both parties. If the evidence reason-
ably tends to support the findings of fact made by the trial court,
such findings will not be reviewed here.

2. MORTGAGE—*Homestead—Validity.* The action was for foreclosure of
mortgage upon land claimed to be the homestead of the family,
and it was found by the court that the wife had not signed the
mortgage, and it was therefore void for all purposes, from its
inception.

3. HOMESTEAD—*Abandonment—Void Mortgage.* Shortly after the execu-
tion of the mortgage, the family left the land, having rented it
for a year. It is not shown affirmatively that the husband
meant to return. It was shown affirmatively that the wife meant
to return to the land at the time of leaving it. Shortly after
quitting the land, the husband abandoned the wife. Even if these
facts constituted an abandonment of the land, it would have no
effect to validate the mortgage which was void from the
beginning.

4. CONVEYANCE—*Husband to Wife—Homestead.* Before abandoning the
the wife, the husband executed a deed to the wife of all his
interest in the land, which she continued to regard and treat as
her homestead, and which the court found in its special findings
of fact to be her homestead. The rule which requires the husband
and wife to join in the execution of a deed to their homestead
is not applicable in this case, nor within the spirit of the statute
which requires it, since it is not intended that the wife should
do the vain and absurd thing of executing, as grantor, a deed to
herself as grantee.

(Syllabus by the Court.)

*Error from the District Court of   Payne   County; before
Frank Dale, District Judge.*

*King & Hutto,* for plaintiff in error.

*Lowry & Hunt,* for defendant in error.

Action by J. S. Hall against Oren A. Powell and Eldor-
ean Powell.   Judgment for defendants,   and   plaintiff
brings error.   Affirmed.

STATEMENT OF THE CASE.

This was an action to foreclose a mortgage upon real
estate, which purported to have been executed by Oren A.
Powell and Eldorean Powell, his wife. The mortgage was
delivered by Powell to the agent of Hall, who paid Powell
the consideration therefor.   The petition was an ordinary
petition in foreclosure, averring non-payment of principal
and interest, and seeking for judgment upon the note,
which purported to have been executed contemporan-
eously therewith by both the defendants, and for judg-
ment for the amount due, and foreclosure.   No answer
was filed by Oren A. Powell, and judgment was rendered
against him by default for the amount of the note, and
Eldorean   Powell   filed   her   separate   verified   an-
swer,   denying generally all the allegations of   the

petition not specifically admitted; denying the execution and delivery of the note and mortgage, so far as she had any knowledge, and declaring that she had never signed or executed, or authorized any other person for her to sign or execute, the notes and mortgage described in the petition, and that they were not her notes and not her mortgage; that she had no knowledge of them; that she was in no way indebted to the plaintiff upon any account whatever; that at the period of the alleged execution and delivery of the notes and mortgage the land described in said mortgage was the homestead of the defendants; that Oren A. Powell and herself were husband and wife; that they were married in 1892, and immediately established their residence on the tract of land, and had continuously resided thereon until about the 1st of February, 1897, and had continuously resided upon the land and claimed it as their homestead throughout the intervening period between their marriage and the last-named date. She prayed judgment for her costs, and that the court should find as to the alleged mortgage that the premises were the homestead of the defendants, and that the mortgage was null and void. A jury was impaneled to try the cause, and a number of witnesses were produced, and examined in open court, and, the testimony having been closed, both parties agreed that the case should be taken from the jury and decided by the court. And thereupon, upon the request of both parties, the cause was taken from the jury, and the court made special findings of fact at the request of both parties to the effect that:

"At the time the mortgage sued upon in this cause was executed Oren A. Powell and Eldorean Powell were husband and wife; that the mortgage which purported to

have been executed upon the tract of land occupied by
by them was the homestead of themselves and two chil-
dren; that the mortgage was not signed by Eldorean
Powell, but was executed by her husband without her
knowledge or consent; that in February, 1897, they left
their place of residence upon the tract of land covered by
the mortgage, and removed therefrom to an adjoining
county, with the expectation of remaining there for the
period of about one year; that during the time of such ab-
sence the land was leased to a tenant; that the wife did
not intend to permanently reside away from nor off the
land; that after they had been absent for (the court did
not specify the time,) and on the 20th day of March, 1897,
Oren A. Powell executed a warranty deed to the tract of
land to his wife, Eldorean Powell, and that at the time of
the execution of such deed they were living together as
husband and wife, and so continued to live together for
the period of about two weeks thereafter; that at the
end of that time the husband abandoned his
wife, and has remained away from her since such
abandonment, and is not now sustaining the re-
lation of the head of the family towards El-
dorean Powell and the two minor children, the care and
custody of such children being with her; that Eldorean
Powell did not discover that her name had been affixed
to the mortgage and note sued upon in this case until
about one week after the same were executed, and did
discover that the mortgage and note had been signed and
executed prior to the time the plaintiff in this case pur-
chased the note and mortgage; that she made no effort to
notify any party of the fact that her name had been af-
fixed to the note and mortgage without her knowledge
and consent, and that she did not know to whom the note
and mortgage had been assigned, prior to the commence-
ment of this action, and did not know of the execution of
the note and mortgage until after Powell had received the
proceeds from the sale of the note and mortgage to W. P.
Hall; that she made no effort to ascertain to whom the

note and mortgage were given during all the time preceding the bringing of this action."

The further finding of the court was that "the two children born of the marriage of the defendants are now in the care and custody of Eldorean Powell, and dependent upon her for support, and that it is her intention to return to the tract of land, and reside thereon with her children, at the expiration of the lease, to wit, one year subsequent to the 1st day of March, 1897." The court further found that the acknowledgment and execution upon the mortgage as the acknowledgment of Eldorean Powell was " placed there without her consent or knowledge, and that Oren A. Powell presented this note and mortgage, signed as they appear upon the instrument, and with the acknowlegdment appearing thereon, to the mortgagee, and received the consideration therefor stated in the note and mortgage; and neither the mortgagee nor his assignees knew of the fact that Eldorean Powell had not signed or executed said note and mortgage at the time the same were received by the mortgagee, and at the time that they were duly assigned thereafter to the plaintiff in this action."

The plaintiff excepted (1) to that part of the finding which stated that Eldorean Powell had not consented to have "her name signed to said note and mortgage," and further excepted (2) to the finding that she intended to return to said land as her place of residence. The court thereupon rendered judgment in favor of Eldorean Powell and against the defendant Oren A. Powell.

Opinion of the court by

McATEE, J.: It is contended by the plaintiff in error that Eldorean Powell has, by reason of the execution of

the mortgage, no homestead interest in the land.    It is provided in section 21, ch.21, title "Conveyances,"Statutes Oklahoma, 1893, that:  "All instruments  other  than leases for the period of one year, affecting the title to realty occupied as the homestead of a family, shall be void unless the husband and wife join in the execution and acknowledge the instrument conveying the same." The court, in its special findings of fact, found that the land in question was the homestead of the defendants, Oren A. Powell and Eldorean Powell, and that she had not signed and had not joined in the execution, and that she had not acknowledged the mortgage.   These facts are not open to contention, the rule being that,  when evidence has been produced in the trial court upon all points included in the findings of fact  made  by  the trial court, if such evidence reasonably tends to support the  findings,  such findings  of  fact  will  not  be disturbed in this court; and the rule upon the subject is the same when a case is submitted to the court below without a jury, as when a jury is empaneled to try the cause.    (*Bank v. Earl*, 2 Okla. 617, 39 Pac. 391.)

Such testimony was produced upon the examination of Eldorean Powell herself, who testified that she "had not signed the mortgage" in question; that she  had  not authorized any one to sign it;" that she "did not know that a mortgage was given on that home for a couple of weeks afterwards;" that she was sick in bed, unconscious a part of the time, and had been sick for three weeks; that she remembered the parties coming in, but did not know what they came for; had no conversation with them, did not sign the mortgage, and that nothing was said to her about signing her name to it; that she made no

acknowledgment upon it, nor had ever consented to the signing of it; that it was her home and homestead, and the home and homestead of the family, and the only one they had; and that neither she nor they had ever abandoned it, but that they had left it temporarily, having agreed to rent it for one year from about the 1st of March, 1897, and had gone to her father and mother, where her husband, Oren A. Powell, was to find work. This evidence was supported by other facts and circumstances.

The testimony abundantly "tended to support the findings" of the trial court, and the finding will not be disturbed here. It cannot be disputed here that Eldorean Powell did not join in the execution, and did not acknowledge the mortgage which purported to convey the land for the purposes of securing the payment of the debt then incurred by Oren Powell, and the mortgage was therefore void for all purposes from its inception—was so from the beginning—because there is no question that the land was the homestead of the defendants at the time the mortgage purported to have been executed, and because the wife, as the trial court found, had never joined in its execution. It is argued, however, that when the family, after the execution of the mortgage by Oren A. Powell, left the land, no intention having been proven that Oren Powell intended to return to it, since he was the head of the family, such leaving of the homestead for the period of a year, without the proven intention of returning, was an abandonment. If it should be sustained that such a leaving of the homestead was abandonment, it could not avail the plaintiff in error here, since there is no question that at the time of the execution of the mortgage by

Oren A. Powell the land was the homestead of the family; and since the special findings of the court below, supported by evidence, show that the wife did not join in the mortgage, it was void from the beginning; and the subsequent abandonment, if, indeed, it was Oren Powell's intention never to return to the place, could have no effect to validate the mortgage or entitle the mortgagee to any remedy under it against the land included therein. (*Ott v. Sprague*, 27 Kan. 620; *Bruner v. Bateman*, 66 Iowa, 488, 24 N. W. 9; *Shoemaker v. Collins*, 49 Mich. 597, 14 N. W. 559.)

And, the mortgage having been void from the beginning, and no fraud having been shown on the part of the wife, Powell had a perfect right to convey the land to his wife, although signed by himself alone. (*Furrow v. Athey*, 21 Neb. 617, 33 N. W. 208; *Harsh v. Griffin* [Iowa] 34 N. W. 441.)

The latter case declares that: "A deed by a husband to his wife of their homestead is void, unless the wife joins therein, thus executing a deed to herself of her own interest in the property. Code sec, 1990, is relied upon to support this position. It provides that a deed of a homestead is not valid unless the husband and wife join therein. The case of a deed to the wife is not within the spirit of this section, which surely cannot intend that the wife should do the vain and absurd thing of executing, as grantor, a deed to herself as grantee." The judgment of the court below will be affirmed.

All of the Justices concurring.