## BROOKS et al. v. BUTLER et al.

No. 28045. March 7, 1939.

Erwin & Erwin, for plaintiffs in error.

Harry F. Brown and McGuire & McGuire, for defendants in error.

PER CURIAM. On the 2nd day of December, 1935, Dena Butler, as plaintiff, filed her petition against H. F. McCroskey, administrataor of the estate of George Butler, deceased, Percy Butler, Allean Butler Brooks, Inez Butler, Susie Butler Jackson, George Butler, and Sam Brooks to foreclose a mortgage on real estate given to secure the payment of a note executed November 11, 1929, the property mortgaged being described as the N.½ of the S.E.¼ of section 29, township 16 N., range 1, W. I. M. It is alleged that the named defendants other than the administrator and Sam Brooks are or claim to be the heirs at law and next of kin of George Butler, who is deceased; that the defendant Sam Brooks is the remote grantee of Allean Butler Brooks. The court directed a verdict for the plaintiff for $871.55, with interest at the rate of 10 per cent. per annum from November 11, 1935, and the further sum of $50 attorney fees and ordered foreclosure of the mortgage, from which judgment the defendants Sam Brooks and Allean Butler Brooks prosecute an appeal and have filed separate petitions in error.

The parties will be referred to as they appeared in the trial court.

H. F. McCroskey, the administrator, called as a witness on behalf of plaintiff, testified that he was cashier of the Meridian State Bank; that on November 11, 1929, George Butler secured from Dena Butler $672.50 and was given credit for the said money in the bank; that on the 3rd day of December, 1930, George Butler paid $200 on the note given for the said $672.50. He further testified that he knew personally of the said transaction and produced the duplicate deposit slip which was given Dena Butler evidencing said transaction. Margaret Heath, called as a witness on behalf of the plaintiff, stated that she lived at Meridian, Okla., and is president of the Meridian State Bank, and on November 11, 1929, was a bookkeeper in said bank, at which time her husband was president and H. F. McCroskey was cashier; that on said date the note in question was executed for the sum of $672.50, at which time the money was paid to George Butler; that on the 3rd day of December, 1930, there was paid on said indebtedness the sum of $200; that she was personally acquainted with the transaction and was in the bank at the time the transaction was had and that George Butler paid the said sum of $200 on the said indebtedness. She identified the note and mortgage and stated that the facts relating to the execution and payment of the $200 were within her own personal knowledge.

The first two specifications of error are that H. F. McCroskey and Margaret Heath were incompetent witnesses under section 271, O. S. 1931, and the 3rd subdivision of section 272, O. S. 1931. The statutes in question do not render the witnesses incompetent to testify to the set of facts above detailed. Section 271, supra, is as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party."

The 3rd subdivision of section 272, supra, deals with the incompetence of a husband and wife to testify. The objection as to Margaret Heath is that she is the widow of a former administrator and president of the bank. The objection is without merit.

There are two further specifications relating to the incompetency of evidence admitted and excluded. These specifications deal with the review of evidence above. No authorities are cited showing why this evidence is incompetent, nor is there any showing of prejudicial error in the exclusion of the evidence offered. We have examined this evidence introduced and find it competent. This likewise disposes of the sixth assignment of error, which is that the court erred in overruling the demurrer to the evidence of the plaintiff, since it is alleged, if this evidence is excluded, there is no competent evidence that the note and mortgage were executed, and payment made as alleged. It is next urged that the court committed error in sustaining the motion of the plaintiff for a directed verdict. In this connection it is alleged that there is no proof of payment sufficient to toll the statute of limitation. We think the testimony as to payment set out above was sufficient to toll the statute of limitation.

The next contention is that the court erred in excluding evidence of an estoppel for the reason that Dena Butler joined in a mortgage to one Bulling subsequent to the execution of her note and mortgage, which mortgage warranted the title to the premises and also conveyed 80 acres of the land belonging to the estate of George Butler, deceased, to one of her children. This testimony was properly excluded by the court under the issues involving the validity of the note and mortgage in question.

It is also alleged that the court committed error in refusing to charge the plaintiff with the payments made by the administrator of George Butler's estate upon interest on the first mortgage, the taxes and insurance thereon. The court properly excluded all of the testimony with relation to this transaction. The defense to the note and mortgage under the pleadings was lack of consideration and the invalidity under the Constitution as hereafter discussed. The authorities cited by the defendant on this point have no connection with alleged error in excluding the evidence offered. Additionally, this issue was decided adversely to the contention of the defendant. In re Butler's Estate, Brooks v. McCroskey, Adm'r, et al., 181 Okla. 301, 73 P.2d 417.

The concluding assignment is that the mortgage is void under article 12, section 2, of the Constitution of Oklahoma, section 13672, O. S. 1931, and section 9661, O. S. 1931, 16 Okla. St. Ann. sec. 4. The constitutional provision reads:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

The cited statutory provision reads as follows:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided."

We have held that in this jurisdiction the homestead estate, regardless of whether the same is legal or equitable, cannot be alienated by the owner, if married, to a third person, unless his or her spouse join in the instrument of conveyance or assignment. See Montgomery et al. v. Wise, 179 Okla. 247, 62 P.2d 647.

In Hall v. Powell, 8 Okla. 276, 57 P. 168, this court held: First, that a mortgage on the homestead executed by the husband without the wife joining therein, is void; second, that a deed conveying the homestead executed by the husband to his wife as grantee, without the wife joining in the conveyance, is valid. That case was decided prior to statehood; therefore, section 2 of article 12 of the Constitution was not in effect. However, at the time that case was decided, section 4, chapter 8, Session Laws 1897, was in force and effect, which section is substantially the same as section 9661, O. S. 1931.

In Hall v. Powell, supra, the court cites the case of Furrow et al. v. Athey et al. (Neb.) 33 N. W. 208. In the latter case, in the body of the opinion, the court said:

"It is next contended that the deed was void under the provisions of chapter 36 of

the Compiled Statutes, and particularly under section 4 of said chapter, the property being the homestead at the time of the conveyance. Section 4 is as follows:

"'The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife.'

"Statutes creating the homestead right were enacted for the protection of the family of the husband and wife, if the holder of the title were a debtor, and for the protection of the husband or wife against a conveyance or incumbrance by the other. Both can join in a conveyance, and by it the right of the children or other members of the family may be entirely destroyed; but where the title is held by the husband he cannot sell without the consent of the wife expressed by signing and acknowledging the deed. The same rule applies to the wife where the title is held by her. In effect, an estate or interest in the land is created of which the party not named in the deed cannot be divested by the sole act of the other. But in the case at bar no effort was made to divest the wife of her estate or right. That remained unimpaired. I can see no reason why she should be required to execute the deed to herself in order to its validity. Neither do I find any authority for such a holding. The reverse seems to be the rule. Thomp. Homest. & Ex. 473; Riehl v. Bingenheimer, 28 Wis. 84.

"The decree of the district court is affirmed."

The decision in Furrow v. Athey is cited with approval by the Supreme Court of Nebraska in Jorgensen et al. v. Crandell et al., 277 N. W. 785. The case of Troyer v. Mundy, 60 Fed.2d 818 (8th Cir.) is very much in point. In that case, as in the case at bar, the question of the validity of a mortgage on a homestead executed by the husband alone to his wife as mortgagee was involved. While in the cited case the court construed the proceeds of the loan to the husband as part of the purchase price of the land, yet that interpretation was occasioned more on account of the contention of the trustee in bankruptcy than a construction of any constitutional or statutory provision. This is manifest from the language appearing in the opinion as follows:

"It is conceded that at and prior to the time of the execution of the $8,500 mortgage the land constituted the homestead of Peter Mundy and his wife, Anise Mundy. In construing the homestead statute of Nebraska (section 40-104, Comp. St. Neb. 1929), the Supreme Court of that state has

held that, while the homestead cannot be conveyed or incumbered, except by a deed executed and acknowledged by both the husband and wife, yet a conveyance of the homestead from one spouse to the other does not require that they both execute and acknowledge the instrument. Storz v. Clarke, 117 Neb. 488, 221 N. W. 101; Ambler v. Jones, 102 Neb. 40, 165 N. W. 886; Anderson v. Schertz, 94 Neb. 390, 143 N. W. 238; Anderson v. Cusack, 115 Neb. 643, 214 N. W. 73; Interstate Savings & Loan Ass'n v. Strine, 58 Neb. 133, 78 N. W. 377; Furrow v. Athey, 21 Neb. 671, 33 N. W. 208, 59 Am. Rep. 867; Cizek v. Cizek, 69 Neb. 797, 96 N. W. 657; 99 N. W. 28, 5 Ann. Cas. 464."

See, also, Kindley v. Spraker, 72 Ark. 228; Johnson v. Branch et al. (S. D.) 68 N. W. 173, 62 A. S. R. 857; Russ v. King (Va.) 127 S. E. 100; Martin v. Barnum et al. (Tex. Civ. App.) 286 S. W. 550.

In 21 Cyc. 536, the rule is stated as follows:

"In jurisdictions requiring conveyances or mortgages on homestead property to be executed by both husband and wife, the husband may make a valid conveyance or, according to some decisions, mortgage of the homestead premises to his wife without her joining."

See, also, 29 C. J. 896, section 281. Annotations 45 A. L. R. 410; 13 R. C. L. 633.

A mortgage is a conveyance of property to secure the performance of some obligation, the conveyance to be void on the due performance thereof. 19 R. C. L. 243.

We hold that where a husband executes a mortgage to the wife, as between the two, it is valid, when executed in good faith and for a valid consideration. The manifest purpose of the foregoing constitutional provision is to protect the homestead interest. The homestead interest is for the benefit of both the husband and the wife. If the execution of the mortgage did not destroy the homestead interest, the mortgage is valid. It follows, therefore, that when George Butler executed the mortgage to the wife, Dena Butler, there was nothing in the execution thereof which attempted to or did affect the homestead interest. The mortgage was therefore not void under the foregoing constitutional or statutory provision. Neither the husband nor the wife can destroy the homestead rights in the property by any conveyance which is not joined in by the spouse. When the husband executed the mortgage in question, he did not destroy his homestead interest in the property. She continued to

hold this mortgage subject to his homestead interest until his death. As between her and her husband, Dena Butler had a valid mortgage for a good and valid consideration under all of the evidence in the case. Upon his death the obligation could be enforced against the heirs for the reason that his homestead interest therein ceased to be effective with his death.

We approve the language used by the Supreme Court of Alabama in Bassett v. Powell, 60 So. 88, wherein it is said:

"A conveyance of homestead premises by the husband to the wife, while having effect as an alienation of the land in the sense of passing the legal title to her, is yet not an alienation of the homestead since that does not thereby pass either from the husband, the wife, or the family, but is still in every essential quality and attribute, with respect to possession, enjoyment, and all the rights necessary to its protection as exempted property, the homestead alike of the husband, wife and their children."

In the present case no right or interest of the wife, minor children, or innocent purchasers without notice are affected by foreclosure of the mortgage sued on. The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur. RILEY, OSBORN, CORN, and DAVISON, JJ., absent.