Maxine GRENARD and Phyllis Riley,
Plaintiffs In Error,

v.

Frank E. McMAHAN, Defendant In Error.

No. 41862.

Supreme Court of Oklahoma.

May 21, 1968.

Rehearing Denied June 18, 1968.

Crandall & Lacy, Oklahoma City, Emerson R. Phillips, Pawnee, for plaintiffs in error.

Carl D. McGee, Pawnee, for defendant in error.

DAVISON, Justice.

Maxine Grenard and Phyllis Riley (defendants below) appeal from a judgment in favor of Frank E. McMahan (plaintiff below) adjudging a warranty deed invalid and void. The parties will be referred to by their trial court designation.

The dispute was presented to the lower court under a stipulation of facts. The property involved is a town lot and house located in Skedee, Pawnee County, Oklahoma. The title to this property was formerly held by Lula Ellen Bradley, who acquired the same from her brother. In December, 1963, Mrs. Bradley, while owner of the property, married the plaintiff and they occupied the property as their homestead. On April 13, 1965, Mrs. McMahan executed a warranty deed conveying the property. The deed was recorded on the same date. By the terms of the deed a life estate was given to her husband (plaintiff), and upon his death the property was to go to the defendants, who were Mrs. McMahan's daughters by a prior marriage. Mrs. McMahan died June 7, 1965. It was stipulated that the property was the homestead of plaintiff and his wife on the date of the deed; that plaintiff did not subscribe the deed; and that the deed was made

and recorded without the consent of plaintiff.

The trial court found and decreed that the deed was not made and executed in accordance with the statutes, and was invalid, and canceled the deed.

Defendants contend and argue the deed is valid on the ground that it falls within the category of a conveyance of the homestead from one spouse to the other. Defendants also make some argument that the deed gives the plaintiff the equivalent of his homestead rights to occupy the property after his wife's death.

Defendants cite Hall v. Powell, 8 Okl. 276, 57 P. 168; Brooks v. Butler, 184 Okl. 414, 87 P.2d 1092, and Howard v. Stanolind Oil & Gas Co., 197 Okl. 269, 169 P.2d 737, for the proposition that a deed or mortgage of the homestead from one spouse to another is valid even though the instrument is not subscribed by both. Admittedly, this is the holding in the cited cases, and they are correct under the facts therein stated where no conveyance of the homestead was made to third persons. They are not applicable to the present situation. In the instant case the deed is a conveyance to third persons and, as such, is a deed relating to the homestead.

█ The Oklahoma Constitution, Art. 12, Sec. 2, provides that no conveyance of the homestead shall be made without the consent of his or her spouse, given in such manner as may be prescribed by law.

Title 16, O.S.1961, § 4, provides in part as follows:

"* * * and no deed, mortgage or contract *relating* to the homestead exempt by law, except a lease for a period not exceeding one (1) year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced, or legally separated, except to the extent hereinafter provided. * * *" (emphasis added)

In Atkinson v. Barr, Okl., 428 P.2d 316, 319, it is stated:

"It is well established in this State that a homestead estate, whether legal or equitable, cannot be alienated by the owner, if married, unless his or her spouse joins in the instrument of conveyance or assignment, and the attempted conveyance without such joinder is void. Montgomery v. Wise, 179 Okl. 247, 62 P.2d 647; Standard Savings & Loan Ass'n v. Acton, 178 Okl. 400, 63 P.2d 15; Keel v. Jones, Okl., 413 P.2d 549."

█ It is our conclusion that the warranty deed was void because plaintiff did not sign it and such conclusion and judgment of the trial court was correct.

Defendants also urge the plaintiff had no homestead rights in the property during the lifetime of his wife (Lula).

Defendants make this contention despite the fact that they stipulated the property was the homestead of plaintiff and Lula. The lower court found the property was their homestead at the time of the execution of the deed and on this ground held the deed was invalid.

Defendants cite cases (Richards v. Inman, Okl., 294 P.2d 818, and In re Musselman's Estate, 167 Okl. 560, 31 P.2d 142) to support their contention. These cited cases involved the probate homestead and the right of the surviving spouse to thereafter occupy the homestead. They are not in point on the question of existence and occupancy of the homestead during the life of both spouses.

█ In the present case the constitutional homestead is involved, together with the acts and formalities required for conveyance of the homestead. The constitutional homestead is the land itself which is occupied by the family as a home. First Nat. Bank of Sentinel v. Anderson, 206 Okl. 54, 240 P.2d 1066, 1069.

The parties stipulated the property was a homestead and we are not referred to any facts showing the contrary.

The judgment of the lower court is affirmed.

All the Justices concur.