2008 OK CIV APP 111

**Chris HILL and Cynthia Hill, Plaintiffs/Appellees,**

v.

**DISCOVER BANK (DISCOVER CARD) SA DISCOVER FINANCIAL SERVICES, LLC, Defendant/Appellant.**

No. 104,909.

Court of Civil Appeals of Oklahoma, Division No. 2.

July 29, 2008.

Rehearing Denied Aug. 29, 2008.

Certiorari Denied Dec. 1, 2008.

Joe L. White, Collinsville, OK, for Plaintiffs/Appellees.

Stephen L. Bruce, Richard S. Winblad, Brandi L. Dotson, M. Brooke Holman, Stephen Bruce & Associates, Edmond, OK, for Defendant/Appellant.

JANE P. WISEMAN, Judge.

¶ 1 Defendant, Discover Bank (Discover Card) SA, Discover Financial Services, Inc., appeals from the trial court's order granting summary judgment to plaintiffs Chris and Cynthia Hill. Having reviewed the record submitted under Oklahoma Supreme Court Rule 1.36, 12 O.S., ch. 15, app. 1 and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 The Hills filed a petition against Discover seeking an order quieting title to real property the Hills acquired in Rogers County, Oklahoma, and requesting damages

against Discover for slander of title.[1] The property formerly belonged to Larry G. Jennings, Sr. (Larry) and Sue Ann Jennings (Sue Ann). The Jennings acquired the property, which became their homestead, in 1996. On September 23, 2002, Sue Ann filed for divorce. Larry deeded his interest in the property to Sue Ann by quitclaim deed filed on April 4, 2003.[2] In October of 2003, Sue Ann conveyed the property to the Hills by warranty deed in which she claimed to be a single person. In April of 2004, Discover recovered a money judgment against the Jennings in the amount of $4,491.29 plus attorney fees, costs, and interest. Discover filed a statement of judgment pursuant to 12 O.S.2001 § 706 on April 8, 2004, with the County Clerk of Rogers County. On September 28, 2004, the Hills filed with the County Clerk a warranty deed signed by Larry and Sue Ann conveying the same property. In December of 2005, the Jennings' divorce decree was entered.

¶ 3 The Hills' petition claimed that Discover failed to perfect its judgment lien against the real property and that the lien had "become a cloud upon and a slander of [the Hills'] title." The Hills subsequently moved for summary judgment asserting "there were no judgment filings nor was the Judgement [sic] entered on the [judgment] docket of the county."

¶ 4 Discover responded by claiming that, at the time of Discover's filing of the statement of judgment, the record owners of the property were the Hills and Larry Jennings because Larry did not sign the deed from Sue Ann to the Hills releasing his homestead rights. Discover further contends that the 2004 deed from the Jennings to the Hills was done in an attempt to cure the ineffective transfer of the property done in October 2003 but that "in the meantime, [Discover] lawfully obtained judgment against the Jennings and then filed its Judgment Lien prior to perfection of their transfer." Discover then moved for summary judgment in its favor.

¶ 5 The trial court heard argument of the parties' counsel on May 23, 2007, and issued its order on July 5, 2007. The trial court made the following findings:

> [Discover's] unsecured judgment against the Jennings was only filed of record against the Jennings after their [sic] was a conveyance of title to [the Hills] by Mrs. Jennings, defective in its failure to convey as well the homestead interest of Mr. Jennings, and misleading in its characterization of Mrs. Jennings as a single woman. The only notice of judgment filed, the notice against the Jennings, was filed as a general judgment, devoid of even a reference to the real property conveyed to the [Hills]. These actions on the part of [Discover] do not constitute legal notice to the [Hills] of the claim against the subject property, and do not meet an operation of law which perfects the purported lien against that property.

The trial court then granted summary judgment in favor of the Hills, quieting title to the property in the Hills against any judgment lien claim by Discover, and denied Discover's motion for summary judgment. Discover appeals.

## STANDARD OF REVIEW

¶ 6 We review summary judgments *de novo. Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On appeal, this Court assumes "plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. We "examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact," and we then view the facts and all reasonable inferences arising therefrom in "the light most favorable to the nonmoving party." *Carmichael,* 1996 OK 48 at ¶ 2, 914 P.2d at 1053.

## ANALYSIS

¶ 7 When Sue Ann executed the quitclaim deed to the Hills, she was legally still a

---

1. It appears from the Hills' subsequent filings in the trial court that they abandoned their claim for damages for slander of title, pursuing only the relief of quieting title as to Discover's lien claim.

2. Although the quitclaim deed does not appear in the record submitted on appeal, the parties agree that it was recorded with the County Clerk of Rogers County on April 4, 2003.

married person. Article 12, Section 2 of the Oklahoma Constitution prohibits a married owner of homestead property from selling the property without the consent of the owner's spouse. The Oklahoma Supreme Court recognized, however, that "[c]onveyance of the homestead from one spouse to the other is not a sale of the homestead within the meaning of Sec. 2, Art. XII, Constitution." *Howard v. Stanolind Oil & Gas Co.,* 1946 OK 56, ¶ 36, 169 P.2d 737, 744.

¶ 8 The Oklahoma statute enacted in furtherance of this constitutional section provides "No deed ... affecting the homestead exempt by law, except a lease for a period not exceeding one (1) year, shall be valid unless in writing and subscribed by both husband and wife, if both are living and not divorced, or legally separated, except as otherwise provided for by law." 16 O.S.2001 § 4 (A). Homestead statutes were enacted "for the protection of the husband or wife against a conveyance or incumbrance by the other." *Brooks v. Butler,* 1939 OK 132, ¶ 13, 87 P.2d 1092, 1095 (quoting *Furrow v. Athey,* 21 Neb. 671, 33 N.W. 208, 209 (1887)). The Supreme Court recognized the statute's intention, evidenced by the following:

> In effect, an estate or interest in the land is created of which the party not named in the deed cannot be divested by the sole act of the other. But in the case at bar no effort was made to divest the wife of her estate or right. That remained unimpaired. I can see no reason why she should be required to execute the deed to herself in order to its validity [*sic*]. Neither do I find any authority for such a holding. The reverse seems to be true.

*Id.; see also Hall v. Powell,* 1899 OK 50, ¶ 5, 57 P. 168, 170 ("The case of a deed to the wife is not within the spirit of this section [on homestead], which surely cannot intend that the wife should do the vain and absurd thing of executing, as grantor, a deed to herself as grantee.").[3]

¶ 9 Here, there is no need to protect Sue Ann because Larry was conveying the prop-

erty to her and not to a third party, and like the situation in *Brooks,* Larry's quitclaim deed to Sue Ann did not work to divest Sue Ann of her homestead rights; rather, it operated to grant to her and her alone all right, title, and interest in and to the property. In other words, it was not necessary for Sue Ann to sign the deed to herself in order to protect her, which is the purpose of the constitutional and statutory provisions relating to homestead.

¶ 10 Further, the quitclaim deed from Larry to Sue Ann operated to convey Larry's homestead rights to Sue Ann in addition to all other right, title, and interest he had in the property. "A quitclaim deed, made in substantial compliance with the provisions of this chapter, shall convey all the right, title and interest of the maker thereof in and to the premises therein described." 16 O.S. 2001 § 18; *see also Atkinson v. Barr,* 1967 OK 103, ¶ 22, 428 P.2d 316, 320 (recognizing that a quitclaim deed conveys only the interest the grantor actually owns in the property, if any). The Oklahoma Supreme Court has stated:

> There is a statutory presumption that every estate in land granted by a deed shall be deemed an estate in fee simple unless limited by express words. The purpose of construing an instrument is to divine from its text the intent of the parties. Unless there is an ambiguity, that intent must be gathered solely from the four corners of the instrument.

*Cleary Petroleum Corp. v. Harrison,* 1980 OK 188, ¶ 8, 621 P.2d 528, 532 (footnotes omitted); *see also* 16 O.S.2001 § 29 ("Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words.").

¶ 11 We find no ambiguity in Larry's quitclaim deed to Sue Ann. The deed intended to and did convey all the right, title, and interest, including Larry's homestead interest, to Sue Ann. Consequently, at the time that Sue Ann conveyed the property to the Hills, it was unnecessary for Larry to relinquish his homestead rights to the property as he had already done so in the quitclaim deed.

---

**3.** *Hall v. Powell,* 1899 OK 50, 57 P. 168, is a case that was decided prior to statehood, and thus the Oklahoma Constitution, but which has been recognized by the Oklahoma Supreme Court subsequent to statehood.

¶ 12 Viewing the available facts and all reasonable inferences therefrom in favor of Discover as the non-moving party, as we are required to do in summary process, we find that, although the trial court erred in determining that the quitclaim deed was defective in that it failed to convey Larry's homestead interest, summary judgment in favor of the Hills was proper. "It is well settled that a correct judgment will not be disturbed on review, even when the trial court applied an incorrect theory or reasoning in arriving at its conclusion. . . ." *Harvey v. City of Oklahoma City,* 2005 OK 20, ¶ 12, 111 P.3d 239, 243.

¶ 13 Discover also contends that the trial court erred when it ruled that a statement of judgment properly filed pursuant to 12 O.S. 2001 § 706 is insufficient to create a lien and that some additional notice to the Hills was required. Since we hold that the quitclaim deed from Larry to Sue Ann was valid and operated to divest Larry of his homestead rights and since Sue Ann, the sole owner of the property, conveyed the property to the Hills before Discover's judgment lien, we find it unnecessary to address this issue as the lien did not attach to the property during either Sue Ann's or Larry's ownership.

## CONCLUSION

¶ 14 We hold that Larry's quitclaim deed to Sue Ann was valid and conveyed all of his right, title, and interest, including his homestead interest, in and to the property. It follows then that Sue Ann's original deed to the Hills conveyed all of her right, title, and interest in and to the property, and Larry was not required to execute the deed to the Hills as he no longer had any interest in the property. Discover's judgment lien attached at a time when neither Sue Ann nor Larry possessed an interest in the property, and we therefore affirm the trial court's grant of summary judgment in favor of the Hills.

¶ 15 **AFFIRMED.**

GOODMAN, P.J., and FISCHER, J., concur.