IN THE MATTER OF THE ESTATE OF HYER



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF THE ESTATE OF HYER

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE ESTATE OF HYER
2020 OK CIV APP 31
Case Number: 118080
Decided: 02/28/2020
Mandate Issued: 06/17/2020
DIVISION III
As Corrected: July 30, 2020
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2020 OK CIV APP 31, __ P.3d __

 

 IN THE MATTER OF THE ESTATE OF DANIEL BENJAMIN HYER, Deceased:
 
 SARA BETH HYER, Appellant,
 
 v.
 
 BENJAMIN HYER, Appellee.
 

 APPEAL FROM THE DISTRICT COURT OF
 
 CLEVELAND COUNTY, OKLAHOMA
 
 HONORABLE STEPHEN BONNER, JUDGE
 

 REVERSED
 

 James Blevins, Jr., Carrie Kopp, BLEVINS & ASSOCIATES, PLLC, Purcell, Oklahoma, for Appellant,
 
 Cindee Pichot, CINDEE PICHOT, PC, Noble, Oklahoma, for Appellee.
 

 
 Bay Mitchell, Presiding Judge:
 
 
 ¶1 In this interlocutory order appealable by right, Appellant appeals from the trial court's order invalidating a deed of homestead from a husband to himself and his wife because the wife did not join in executing the deed. The probate court relied on a narrow reading of 16 O.S. 2011 §4 that would invalidate every deed of homestead from one spouse to another, unless the grantee-spouse also executes the deed. Because decisions of the Oklahoma Supreme Court contradict the trial court's reading of the statute, we reverse.
 
 BACKGROUND
 
 ¶2 The relevant facts are undisputed. Daniel Benjamin Hyer, the decedent, owned a piece of real property in Cleveland County prior to his marriage to the Appellant, Sara Beth Hyer. Before his death and after their marriage, Daniel conveyed the property to himself and Sara, as joint tenants with full rights of survivorship. Daniel signed the deed, but Sara did not. The couple occupied the home on the property until Daniel's death approximately sixteen months after he executed the deed.
 
 ¶3 After Daniel died, Sara signed and filed in the county records, an affidavit of joint tenancy claiming full ownership of the property via the joint-tenancy deed. However, Sara was apparently aware that Daniel's adult son from a prior relationship, Appellee Benjamin Hyer, intended to claim partial ownership of the property through the decedent's estate. Accordingly, Sara filed a motion in the probate action asking the court to determine the ownership of the property.
 
 ¶4 Each side filed briefs with the court below and the court held a hearing. Sara claimed that the property, being held in joint tenancy between herself and the decedent, passed directly to her at her husband's death. The son claimed that the joint-tenancy deed was invalid under 16 O.S. 2011 §4, which requires a conveyance of homestead property to be executed by both a husband and a wife.
 
 ¶5 The trial court agreed with the son and invalidated the deed, stating it was "inadequate to establish a joint tenancy for the reason that both the husband and wife did not execute to convey." Sara filed the instant appeal, which the Supreme Court ordered to proceed as an interlocutory order appealable by right pursuant to 58 O.S. 2011 §721(10).
 
 STANDARD OF REVIEW
 
 ¶6 When reviewing a probate court's determination that certain property is, or is not, a probate asset, an appellate court will examine and weigh the evidence, but will not disturb the district court's order unless it is clearly contrary to law or against the clear weight of the evidence. In re Estate of Metz, 2011 OK 26, ¶5, 256 P.3d 45, 48.
 
 ANALYSIS
 
 ¶7 The son's legal position rests on a straightforward reading of the second sentence of 16 O.S. 2011 §4. That sentence presently, and at the time of the execution of the deed at issue here, states:
 
 No deed, mortgage, or contract affecting the homestead exempt by law, except a lease for a period not exceeding one (1) year, shall be valid unless in writing and subscribed by both husband and wife, if both are living and not divorced, or legally separated, except as otherwise provided for by law.[1]
 
 Id. The decedent's son argues for a strict construction of the statutory language. His argument is that because it is undisputed that the property at issue was the homestead of the decedent, and it is further undisputed that the deed in question was not executed by both the husband and the wife, the deed is not valid. Without the deed, the property remains in the estate, and the trial court's decision must be affirmed. This argument, though tempting in its simplicity and in its singular reliance on the language of the statute, would require us to ignore applicable Oklahoma Supreme Court precedents, which we cannot do.
 
 ¶8 From prior to statehood, the Supreme Court has consistently held that the statute requiring both spouses to convey an interest in their homestead does not apply when the deed is between the spouses only. In Hall v. Powell, 1899 OK 50, 57 P. 168, the Court interpreted a prior, but substantively similar statute.[2] The Court upheld a deed of homestead from a husband to a wife that was not executed by the wife, stating the husband "had a perfect right to convey the land to his wife, although he signed it by himself alone." Id. ¶4. The Court there took the case of a deed between spouses entirely out of the statute, holding that "[t]he case of a deed to the wife is not within the spirit of this section, which surely cannot intend that the wife should do the vain and absurd thing of executing, as grantor, a deed to herself as grantee." Id. ¶5 (quoting Harsh v. Griffin, 34 N.W. 441 (Iowa 1887) (internal quotations omitted)).
 
 ¶9 Although the legislature has modified the statute over the years, the Court has never wavered from this interpretation. In Brooks v. Butler, 1939 OK 132, 87 P.2d 1092, the Supreme Court upheld a husband's unilateral conveyance of a mortgage of the homestead to his wife. In upholding a challenge to the mortgage brought by the husband's heirs after his death, the Court focused on the purpose behind the statutory homestead protection and the constitutional provision it implements.[3] The Court said:
 
 The manifest purpose of the foregoing constitutional provision is to protect the homestead interest. The homestead interest is for the benefit of both the husband and the wife. If the execution of the mortgage did not destroy the homestead interest the mortgage is valid. It follows, therefore that when [the husband] executed the mortgage to the wife ... there was nothing in the execution thereof which attempted to or did affect the homestead interest. The mortgage was therefore not void under the foregoing constitutional or statutory provision.
 
 Id. at ¶17, 1096.
 
 ¶10 In Howard v. Stanolind Oil & Gas Co., 1946 OK 56, 169 P.2d 737, the Supreme Court refused to invalidate a deed of homestead executed by a husband in favor of his wife, even though it was signed by the husband alone. Id. ¶36. The Court held, citing the two prior cases discussed above, that "[c]onveyance of the homestead from one spouse to the other is not a sale of the homestead within the meaning of Sec. 2, Art. XII, Constitution, and is valid though signed only by the spouse holding the legal title." Id.[4]
 
 ¶11 Notably, the Legislature again amended the law in 1953 and in doing so, removed the language inserted in 1945, see supra, note 4, and added a new exception which blessed all unilateral conveyances -- whether between spouses or to third parties -- if the instrument is filed of record and not challenged for ten years.[5] Despite this change, the Supreme Court continued to recognize that a conveyance from one spouse to the other did not require the signature of the grantee-spouse.
 
 ¶12 In Atkinson v. Barr, 1967 OK 103, 428 P.2d 316, the Supreme Court was faced with two unilateral deeds of homestead, which the wife owned as separate property. The first was a quitclaim deed from a husband to the wife, and the second was a warranty deed from the wife to third parties (her children from a prior marriage). Id. ¶6. The Court directly addressed the validity of warranty deed under 16 O.S. 1961 §4, and held that it was invalid for want of the husband's signature. Id. ¶18 ("It is our conclusion that the warranty deed was void because [the husband] did not sign it and such conclusion by the trial court was correct."). Although the Court did address the quitclaim deed, it did not address its validity under §4, but rather decided whether the deed, under the peculiar facts of that case, amounted to an unenforceable subversion of the forced-heir statute. Atkinson, ¶23. Finding that it was, the court permitted the husband's heirs to inherit their intestate share despite the existence of the deed. Id. ¶19.
 
 ¶13 In Grenard v. McMahan, 1968 OK 75, 441 P.2d 950, the Court more directly addressed whether, post-1953 amendment, a unilateral conveyance of homestead property from one spouse to the other required the signature of the grantee-spouse. In that case, a wife owned a piece of homestead property outright. Id. ¶2. In 1965, she conveyed the property to her husband for life, with the remainder to her daughters from a previous marriage. Id. In affirming the trial court's decision to invalidate the deed under the statute, the Court specifically rejected the daughters' argument that the deed qualified as a simple conveyance from one spouse to the other. Id. ¶4-5. In doing so, the Court found that the prior exception for conveyances between spouses remained valid, but that the conveyance of the remainder interest took that case out of that exception:
 
 Defendants cite Hall v. Powell, [1899 OK 50], 57 P. 168; Brooks v. Butler, [1939 OK 132], 87 P.2d 1092, and Howard v. Stanolind Oil & Gas Co., [1946 OK 56], 169 P.2d 737, for the proposition that a deed or mortgage of the homestead from one spouse to another is valid even though the instrument is not subscribed by both. Admittedly, this is the holding in the cited cases, and they are correct under the facts therein stated where no conveyance of the homestead was made to third persons. They are not applicable to the present situation. In the instant case the deed is a conveyance to third persons and, as such, is a deed relating to the homestead.
 
 Id. ¶5 (emphasis supplied).
 
 ¶14 The trial court's decision in the instant case invalidated the deed in question because it was not executed by both the wife and the husband. However, the trial court's strict reading of 16 O.S. 2011 §4 is inconsistent with all of the Supreme Court opinions interpreting the language of the various iterations of the statute at issue. Although the Supreme Court has consistently rejected conveyances of homestead property to third parties where they are not executed by both spouses,[6] the Court has consistently held that a spouse need not execute an instrument as a grantor where that same spouse is a grantee in the instrument.
 
 ¶15 REVERSED.
 
 SWINTON, V.C.J., concurs.
 
 
 
 GOREE, J. (sitting by designation), concurs and writes separately:
 
 
 ¶1 I concur and add my opinion that the language of the statute supports the conclusion that it does not apply. Title 16 O.S. 2011 §4 invalidates deeds that are not subscribed by both husband and wife if they are "affecting the homestead." The word "affecting" denotes prejudicial effect or legal threat. The deed at issue had no adverse effect on the homestead because the husband granted his interest to both himself and his spouse -- it was not a deed affecting the homestead within the meaning of the statute. The cardinal rule of statutory interpretation is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language. Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶17, 415 P.3d 521, 528.
 
 
 
 FOOTNOTES
 
 
 [1] There are several exceptions that are in fact "otherwise provided by law," but none are invoked in this case.
 
 
 
 [2] The statute in existence at the time of Hall was as follows:
 
 All instruments other than leases for the period of one year, affecting the title to realty occupied as the homestead of a family, shall be void, unless the husband and wife join in the execution and acknowledge the instrument conveying the same.
 
 Hall, ¶1 (quoting section 21, ch. 21, title "Conveyances," Statutes Oklahoma, 1893). Subsequently,the requirement was re-codified in §1143 of the Revised Laws of 1910, which was quite similar to the version that persists today:
 
 [N]o deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided.
 
 R.L. 1910, § 1143.
 
 The statute was amended in 1945, 1953, 1973, 1983, and 1997. The effect of the 1945 and 1953 amendments are important to the son's argument here, and will be discussed below. The 1973, 1983, and 1997 amendments either added exceptions that are not relevant here or made stylistic changes to the law.
 
 
 
 [3] The Oklahoma Constitution, states as follows:
 
 The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage.
 
 Okla. Const. art. XII, §2 (emphasis added).
 
 
 
 [4] The son argues that the holding in Howard should be ignored because the statute had been amended in 1945, prior to the decision in Howard, to specifically allow a deed of homestead from one spouse to the other without the grantee-spouse's signature. The amended statute maintained the basic requirement that a spouse join in a conveyance of homestead, but added the following, directly-applicable exception:
 
 ... and except that all such deeds, mortgages or contracts, when executed by one spouse as grantor to the other spouse as grantee shall be valid and need not be subscribed by both husband and wife....
 
 Section 2. All deeds, mortgages, or contract [sic] relating to the homestead heretofore executed by one spouse as grantor to the other spouse as grantee are hereby validated, whether or not subscribed by both husband and wife.
 
 1945 Okla. Sess. Laws 40 (West).
 
 The son's argument in this regard is wrong for two reasons. First, the Court in Howard was not interpreting the 1945 amendment, as the deed in question was executed in 1921 and filed of record in 1924. The Court specifically cites to the version of the statute that existed in 1931. Id. ¶4. Additionally, even had the Court had treated the 1945 amendment as if it had retroactive effect, the amendment did not change the law, but simply codified the already existing case law, as established by Hall and Brooks. The importance of the 1945 amendment is not the amendment itself, but that a 1953 amendment removed the language added in 1945, a development that is discussed below.
 
 
 
 [5] The new law read as follows:
 
 [N]o deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period of one (1) year, shall be valid unless in writing and subscribed by both husband and wife where both are living and not divorced, or legally separated, except to the extent hereinafter provided. And provided that notwithstanding anything in this Section to the contrary, a deed relating to the homestead shall be valid without the signature of the grantor's spouse, and the spouse shall be conclusively deemed to have consented thereto, where the same shall have been duly recorded in the office of the county clerk of the county where the real estate is situated for a period of ... ten (10) years, and no action shall have been instituted within said time in any court of record having jurisdiction seeking to cancel, avoid or invalidate such deed relating to the homestead by reason of alleged homestead character of the real estate at the time of such conveyance.
 
 1953 Okla. Sess. Laws 64 (West).
 
 
 
 [6] The Appellant cites Hill v. Discover Bank, 2008 OK CIV APP 111, 213 P.3d 835, in support of reversal. We agree that the decision does support reversal, but note that the case appears to be wrongly decided insofar as it held that a deed of homestead property to third parties need not be executed by both a husband and wife. Although this case is distinguishable in that the operative deed here is between spouses and not to third parties, we note that Hill appears to be in direct conflict with the Supreme Court precedent cited above and has, therefore, been justly criticized by the real property bar. See Marital Homestead Rights Protection: Impact of Hill v. Discover Card? Kraettli Q. Epperson, 80 Okla. B.J. 2409 (2009).
 
 
 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 111, 213 P.3d 835, HILL v. DISCOVER BANK
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1939 OK 132, 87 P.2d 1092, 184 Okla. 414, BROOKS v. BUTLER
Discussed at Length
 1946 OK 56, 169 P.2d 737, 197 Okla. 269, HOWARD v. STANOLIND OIL & GAS CO.
Discussed at Length
 1967 OK 103, 428 P.2d 316, ATKINSON v. BARR
Discussed
 1968 OK 75, 441 P.2d 950, GRENARD v. McMAHAN
Discussed
 2011 OK 26, 256 P.3d 45, IN THE MATTER OF THE ESTATE OF METZ
Discussed
 2018 OK 23, 415 P.3d 521, ODOM v. PENSKE TRUCK LEASING CO.
Discussed
 1899 OK 50, 57 P. 168, 8 Okla. 276, HALL v. POWELL
Discussed at Length
Title 16. Conveyances
 Cite
Name
Level

 16 O.S. 4, Necessity of Writing and Signing - Veterans' Loans - Homestead - Joinder of Husband and Wife - Effect of Record for 10 Years
Discussed at Length
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 721, Appealable Judgments and Orders of District Court
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA